CAROLINE A. GARDNER *vs.* PARKER BARNES.
JAMES T. ELDRIDGE *vs.* LEMUEL KINGSBURY.

A plaintiff attached on mesne process the defendant's equity of redeeming land from a mortgage, which contained a power of sale in case of breach of its condition, with a provision that upon execution of the power the mortgagee should pay to the mortgagor or his assigns any surplus of the proceeds after satisfying the mortgage debt. Pending the suit, the power was executed, and a surplus of proceeds remained in the hands of the mortgagee. The plaintiff recovered judgment; took out execution, and caused it to be levied by a seizure and sale of the land, at which he was himself the purchaser; and demanded of the mortgagee to pay over to him the surplus in his hands, and was refused. *Held,* that the sale on the execution, and the officer's deed in accordance therewith, passed no title to the plaintiff; and that he could not maintain either an action at law for money had and received, or a bill in equity, to recover said surplus, brought or filed more than thirty days after he recovered his judgment.

GRAY, J. The material facts in each of these cases are precisely similar, and are as follows : The plaintiff attached on mesne process in an action of contract an equity of redeeming real estate from a mortgage previously made by the defendant in that action to the defendant in this ; recovered judgment; took out execution ; caused the same to be levied by a seizure and sale of the land, and himself became the purchaser at that sale. The mortgage contained a power of sale, and a provision that, in case of an execution of the power, the mortgagee should retain the amount of his mortgage debt, with interest and all costs and

expenses, and pay the surplus, if any, to the mortgagor or **his** assigns. After the bringing of that action, and before the issue of execution upon the judgment recovered therein, the land was sold for breach of condition of the mortgage and according to the power, and was conveyed to the purchaser at this sale. After the payment of the mortgage debt, interest, costs and expenses, there remained a surplus of the proceeds of the sale in the hands of the defendant, which the plaintiff demanded, but the defendant **re**fused to pay. Each of the present suits was commenced long after the expiration of thirty days from the time of recovering judgment in the former action. The one is an action at law for money had and received; the other is a bill in equity.

Upon the sale of land under such a power in a mortgage, the surplus of the proceeds, remaining in the hands of the mortgagee after paying his debt and expenses, belongs to the person who is at the time the owner of the equity of redemption in the land. *Varnum* v. *Meserve*, 8 Allen, 158. *Andrews* v. *Fisher*, 101 Mass. 422. And in either of the cases at bar, if the sale under the power in the mortgage had been made after the sale on execution to the plaintiff, the plaintiff would doubtless have been entitled to the surplus; for in that case, the mortgage being still in existence, and the title in the equity of redeeming the land from the mortgage, and in that only, still in the debtor, the sale and conveyance on execution would have passed a good title in that equity of redemption to the plaintiff. *Buttrick* v. *Wentworth*, 6 Allen, 79.

But the fatal objection to the maintenance of each of these suits is, that, upon the facts agreed, the sale on execution and the officer's deed in accordance therewith passed no title to the plaintiff. An attachment of real estate, duly made and recorded, doubtless creates an immediate lien, which, if made effectual by a levy of execution in due form within thirty days after judgment, is not impaired by any intervening incumbrance upon or alienation of the estate attached. Gen. Sts. *c.* 123, §§ 32, 42, 51. *Norton* v. *Babcock*, 2 Met. 510. *Sanborn* v. *Chamberlin*, 101 Mass. 409. But the mode of levying the execution depends upon the nature of the debtor's interest at the time of beginning the

levy. *Capen* v. *Doty*, 13 Allen, 262. If the land is subject to a mortgage at the time of the attachment, and the mortgage is discharged before the levy of execution is begun, the levy must be made by appraisement and setting off, and cannot be made by sale. Gen. Sts. *c.* 103, §§ 3–8, 39, 40 ; *c.* 123, § 41. *Freeman* v. *McGaw*, 15 Pick. 82. *Perry* v. *Hayward*, 12 Cush. 344. *Grover* v. *Flye*, 5 Allen, 543.

In *Freeman* v. *McGaw*, Chief Justice Shaw said : " The attachment merely fixes a lien on the premises, without transferring the title or affecting the nature of the estate. The mode of levy, the act by which it is to be transferred, it would seem, must be determined by the nature of the debtor's title at the time of the levy, and not at the time of the attachment. In the case supposed, the title of the debtor is changed from an equity, to an absolute estate, without any act or assent of the attaching creditor. Besides, the equity of redemption is in fact gone, and it would seem to be absurd to presume a mode solely applicable to a subsisting equitable estate, when such estate no longer exists, or to sell a right of redeeming an estate from a mortgage, which has been paid or discharged." 15 Pick. 84.

In *Perry* v. *Hayward*, the same point was directly adjudged ; and the chief justice said : " In the case of an equity of redemption, when the estate is subject to one or more mortgages, by statute, the execution creditor, by the proper officer, is authorized to cause such equity of redemption to be taken on the execution, and advertised and sold by the officer." " In no other case does the law warrant a seizure and sale of real estate on execution. In any other case, the proceeding by such seizure and sale is a perfect nullity. An officer having no title in himself, his deed, if it have any operation, must operate by way of the execution of a power. In a case warranted by law, where he acts within the scope of his authority, by selling an existing equity of redemption of the debtor on execution, he executes a statute power, and the estate passes to the purchaser by force of his deed. But if there be no such equity of redemption, he acts without authority, the statute vests in him no such power, and his deed, like that of a stranger, is a nullity. The whole proceeding is void, and the

purchaser takes no title. Even if the attachment on mesne process was rightly made on the equity, if the mortgage is discharged before the execution issues, the property must be levied on as an absolute estate, and not as an equity." 12 Cush. 349, 350.

In *Grover* v. *Flye*, it was held that a levy of an execution by sale of land which appeared to be subject to a mortgage was void, if before the levy the mortgage debt had been in fact paid, although neither the judgment creditor nor the officer had actual or constructive notice of such payment. 5 Allen, 543, 545.

In each of the present cases, the title of the plaintiff as purchaser at the sale on execution is even weaker than in those just cited; for the mortgage, instead of being discharged, and thus enlarging the debtor's interest in the land, had been foreclosed, s that he no longer had any title, legal or equitable, in the real estate attached. At the time of the attachment, the land was subject to a mortgage, which constituted a paramount incumbrance thereon. At the time of the beginning of the levy, the land was not only not subject to the mortgage, but had been sold and conveyed under the power of sale in the mortgage to one who took it unincumbered either by the mortgage or by the attachment. The execution was levied in no other way than in that peculiar to levies upon mortgaged real estate. The levy of execution was therefore a nullity so far as respects the land, and it was not made in a form appropriate to bind or affect any rights in personal property or money. The sale on execution could not therefore pass to the plaintiff as purchaser any title in or right to the money which had been received by the mortgagee as a surplus of the proceeds of the sale made under the mortgage.

Whether the plaintiff, by any form of process, at law or in equity, sued out or commenced against the original debtor or the mortgagee, or both, within thirty days after his recovery of judgment, could have made the lien created by his original attachment effective upon such money in the mortgagee's hands, is a question not now before us. Not having within the thirty days taken any appropriate steps to continue or enforce such a lien, he has not now any lien, legal or equitable, on the estate attached or the proceeds thereof.

From these considerations, it necessarily follows, that in the action at law there must be    *Judgment for the defendant;* and the bill in equity must be     .   *Dismissed, with costs.*

*S. Wells & F. L. Hayes,* for Gardner.

*T. H. Russell,* for Eldridge.

*C. F. Williams,* for Barnes.

*W. Colburn,* for Kingsbury.

