### ELIZA JUDGE *vs.* ELLEN HERBERT & others.

Bristol. Oct. 24, 1877. — April 6, 1878. LORD & SOULE, JJ., absent.

A. brought a bill in equity against B., C., D. and E., alleging that A. brought an action against B., and attached his right to redeem certain land mortgaged to C., that A. obtained judgment and levied execution by a sale of B.'s right to redeem, D. being the purchaser; that subsequently C. sold the land under a power contained in the mortgage, D. also being the purchaser; that the balance of the proceeds of sale, after paying the mortgage debt and expenses of sale, remained in C.'s hands; that E. had brought an action at law against D., and A. had also brought an action at law against B., in each of which C. was summoned as trustee; that A. had always been ready to pay to D. the sum paid by him for B.'s right to redeem, which D. refused to accept, claiming that he was entitled to the balance in C.'s hands by virtue of a deed to him from B.; conveying all his right, title and interest in and to the land; and that "E. collusively and fraudulently combined and confederated with B. and D., and contriving how to wrong and injure" A., caused the deed to be made. The prayer of the bill was that A. might be substituted to all of B.'s rights to the balance in C.'s hands. *Held*, on demurrer, that the bill could be maintained.

BILL IN EQUITY, filed March 28, 1877, against Ellen Herbert, the Taunton Savings Bank, Michael J. Barnes and Samuel D. Howland. The defendants demurred to the bill for want of equity. *Endicott*, J., sustained the demurrer, and ordered that the bill be dismissed. The plaintiff appealed to the full court. The facts appear in the opinion.

*J. M. Morton, Jr. & A. J. Jennings*, for Herbert.

*H. K. Braley & M. G. B. Swift*, for Howland.

*J. W. Cummings*, for the plaintiff.

MORTON, J. The material facts stated in the bill, and admitted by the demurrer, are as follows:

The plaintiff brought an action at law against Michael J. Barnes, and attached his interest, being an undivided half of the right to redeem certain land in Fall River, of which the Taunton Savings Bank held a mortgage. She obtained judgment, and, on September 8, 1876, levied her execution by a sale of said interest at auction, Ellen Herbert being the purchaser. On October 7, 1876, the Taunton Savings Bank, the mortgagee, sold the estate under the power of sale contained in the mortgage, the said Herbert being the purchaser. The proceeds of the sale, after paying the mortgage debt and expenses, left in the hands of the mortgagee a balance of $1286. Of this balance, the

mortgagee now holds one half, being the interest which origi‑ nally belonged to Barnes, subject to the determination of this suit. The defendant Howland has brought an action at law against said Herbert, in which he has summoned the bank as trustee; and the plaintiff has brought an action at law against Barnes, in which the bank is summoned as trustee. The plain‑ tiff has always been ready to pay to Herbert the sum which she paid for the said equity of redemption, but she refuses to accept the same, and contends that she is entitled to the funds in the hands of the bank by virtue of a deed, dated January 31, 1877, to her from said Barnes, conveying all his right, title and inter‑ est in and to the real estate mortgaged to the bank. The bill alleges that this deed was fraudulent. The prayer is that the plaintiff may be substituted to all the rights of said Barnes to the fund now held by the bank, and for general relief.

It is clear that the plaintiff cannot maintain this suit if the deed from Barnes to Herbert was valid, it having been made be‑ fore the bill was filed. Such deed would transfer to Herbert all the right which Barnes had to redeem the equity of redemption sold to her, and would entitle her to the surplus of the proceeds of the sale held by the mortgagee. Barnes would have left in him no interest, equitable or legal, in the estate or the proceeds. *Gardner* v. *Barnes*, 106 Mass. 505. *Wiggin* v. *Heywood*, 118 Mass. 514.

But the bill, as amended, alleges " that Howland collusively and fraudulently combined and confederated with the said Her‑ bert and Michael J. Barnes, and contriving how to wrong and injure your oratrix in the premises," caused this deed to be made. This, connected with the allegation that the plaintiff is a creditor of Barnes, is equivalent to an allegation that the deed was made collusively and for the purpose of defrauding creditors, and we must assume for the purposes of this hearing that the deed was fraudulent and void as against creditors of Barnes.

The facts alleged in the bill, that the plaintiff obtained judg‑ ment against Barnes, and that she levied her execution upon the right of redeeming the mortgaged estate, are not important, ex‑ cept to show that she was a creditor of Barnes at the time she brought this suit. They cannot give her any lien, or right in the nature of a lien, upon the surplus proceeds in the hands of

the mortgagee, nor any priority over other creditors or over a *bonâ fide* purchaser. But, on the other hand, they do not deprive her of any rights common to the creditors of Barnes.

The question then is, Have the creditors of Barnes a right to reach and apply, in payment of their debts, this surplus ? To answer this, we must first see what rights Barnes would have had in the surplus, supposing he had not made the deed to Herbert.

After the plaintiff had levied her execution by the sale of the equity of redemption to Herbert, Barnes had the right to redeem the equity at any time within a year after the sale, by paying or tendering to the purchaser the sum for which the premises were sold, with interest and charges. This was a valuable interest remaining in him, which he might sell, or which might be taken by a creditor on another execution against him. Gen. Sts. *c.* 103, §§ 44, 52. The foreclosure of the mortgage by a sale ought not to deprive Barnes of this interest. It is true that the sale under the foreclosure transferred to the purchaser an absolute title to the land, free from any right of redeeming, and therefore that the mortgagor could not bring a writ of entry, as he might if no foreclosure had taken place. Gen. Sts. *c.* 103, §§ 28–46. It affected his remedy. But the surplus in the hands of the mortgagee takes the place of the equity of redemption, and belongs to him who was legally or equitably entitled to that equity. It would be grossly unjust to hold that the foreclosure vested in Herbert an absolute title to the surplus, when she had only a contingent and defeasible title to the equity of redemption.

We have no doubt that Barnes could maintain a suit to enforce his interest in the surplus. And we are of opinion that any creditor of Barnes may, by a proper process, reach his interest. It is a valuable right or interest vested in him, which cannot be come at to be attached or taken on execution in a suit at law.

A suit at law, in which the mortgagee is summoned as trustee, would not furnish the creditor an adequate remedy. As the right of Barnes to the fund, until he pays to Herbert the amount due her, is a contingent and equitable one, the mortgagee would not be chargeable as his trustee. In such suit, the creditor would have no right to pay or tender the amount due to Herbert, but

can be subrogated to the rights of Barnes only by a suit in equity, which may be maintained for that purpose.

The defendants rely upon the case of *Gardner* v. *Barnes, ubi supra.* But in that case, before the plaintiff's suit was commenced, the mortgagee had paid the surplus in his hands to the administrator of the mortgagor. The plaintiff therefore could maintain his suit only upon the ground that he had acquired a lien upon the surplus by virtue of his attachment and levy. It was held that he had not such lien; but the question whether the surplus, while it remains in the hands of a mortgagee, is subject to an equitable attachment by a creditor of the mortgagor, was not raised or considered.

The fact that Howland has summoned the mortgagee as trustee, in a suit brought by him against Herbert is not material in determining the question before us. His attachment, as against Herbert, cannot enlarge her rights, or defeat the rights of Barnes or of his creditors.

Upon the whole case, therefore, we are of opinion that, upon the allegations of the bill, if proved, this suit may be maintained. *Decree reversed; case to stand for hearing.*