JEREMIAH C. HACKETT vs. MARY L. BUCK.

Middlesex. Jan. 13. — Feb. 13, 1880. COLT & LORD, JJ., absent.

Although the St. of 1874, c. 188, authorizes an estate not subject to a mortgage to be levied upon by sale instead of by extent, it does not authorize an estate, which is subject to a mortgage when attached, and which, at the time of the levy, is free from mortgage, to be levied upon and sold as an equity of re demption.

WRIT OF ENTRY to recover a parcel of land in Malden. Plea, *nul disseisin*. The case was submitted to the Superior Court, and, after judgment for the tenant, to this court on appeal, on an agreed statement of facts in substance as follows :

In April 1871, George H. McAllister, who was seised in fee of the demanded premises, conveyed the same in mortgage to Ezra Holden. On December 27, 1873, the demandant brought suit against McAllister, and attached all his real estate in this county. On March 3, 1874, the mortgage above mentioned was discharged, and the discharge was duly recorded. On December 10, 1875, McAllister conveyed the demanded premises to the tenant, by warranty deed, which was duly recorded the next day. On June 1, 1876, the demandant recovered judgment in his suit against McAllister for damages and costs, and on June 14 execution was duly issued on said judgment, and placed in the hands of an officer, who, on June 28, 1876, took on the execution "all the right in equity" which McAllister had on December 27, 1873, "of redeeming" the mortgaged estate, and conveyed to the tenant "all the right in equity which the said George H. McAllister had of redeeming the aforesaid mortgaged real estate, at the time aforesaid."

*J. F. Colby*, for the demandant.

*W. S. Stearns & J. H. Butler*, for the tenant.

GRAY, C. J. The St. of 1874, c. 188, has changed the law so far as to authorize an estate not subject to mortgage to be levied upon by sale instead of by extent, but not so far as to authorize the officer to levy upon, advertise and sell such an estate as an equity of redemption, or to sell less than the entire estate which is at the time of the beginning of the levy bound

by the lien of the attachment. In this case, by the discharge of the mortgage, after the attachment and before the levy, the equity of redemption had ceased to exist; the advertisement that the right to be sold on execution was an equity of redemption only, tended to limit to the prejudice of the debtor the sums bid at the sale; and the deed of the officer, being in terms limited to the right in equity, which had ceased to exist and which could not be revived by any act of his, was a nullity, and passed no title to the purchaser. *Freeman* v. *M' Gaw*, 15 Pick. 82. *McGregor* v. *Williams*, 10 Cush. 526. *Perry* v. *Hayward*, 12 Cush. 344. *Gardner* v. *Barnes*, 106 Mass. 505.

*Judgment affirmed.*