BURGESS *v.* GRAFFAM and others.

*(Circuit Court, D. Massachusetts.   January 23, 1882.)*

1. EQUITY—RIGHT OF JUDGMENT DEBTOR TO REDEEM.

   Where the statute of a state gives a judgment creditor power to sell uncumbered estates, (St. Mass. 1874, c. 188,) and no notice is required to be given to the debtor unless he is found within the county, and the debtor resides in a distant city, a court of equity will permit an amendment to the complainant's bill for relief, if the facts authorize a redemption, though the period for redemption has passed.

2. SAME—WANT OF NOTICE—RELIEF FROM MISCHANCES.

   Where the plaintiff had no actual notice of the sale of the land under execution, and could have had none, except by some accident, and the land was sold for about one-fiftieth part of its value, equity will relieve, although through some failure of notice, not imputable to the defendant nor to the complainant, the complainant has lost her estate.  Courts of equity were instituted to relieve from such mischances.

3. SAME—PURCHASER WITH NOTICE.

   Where a party bought an estate two or three days after a bill was filed for about one-fourth of its value, the deed not containing the true date nor the true price, and he had a written agreement with his vendor regulating their respective rights in case of litigation with plaintiff, he is a purchaser with notice.

In Equity.   Bill for relief.

This bill, brought by Christine J. Burgess, of Providence, Rhode Island, against sundry citizens of Massachusetts, charged that the defendants Graffam and Newhall severally obtained judgments against her, in Massachusetts, upon pretended debts not justly due them, of $28 and $30, respectively, with costs; and that they and the attorney and deputy sheriff, and the other defendants, conspired to deprive her of a house and land in Melrose, used by her as a residence in summer, and worth $10,000, with no encumbrance upon it; that they carried out the conspiracy by selling the said estate, upon the executions, to the judgment creditors themselves, for $73.10 and $81.21, respectively, without notice to her, and by keeping the sales from her knowledge until the year had expired which the statute allows for redeeming lands sold on execution; that Newhall then sold out to Graffam, who, with certain of the other defendants, took forcible possession of the house, and removed and converted furniture and other personal property, worth $3,000, and committed other trespasses; that the complainant had offered to pay to Graffam the amount for which the property had been sold upon the executions, with reasonable costs and charges, but that he had refused to

take less than $750 for a release of his interest in the estate. The bill prayed that Graffam might be enjoined from committing any waste, and from selling the premises, and might be required to deliver them to the complainant. The answer of Graffam denied all fraud, combination, and conspiracy, and averred that the judgments were duly obtained against the complainant after notice and appearance, and that the property had been duly and legally sold at auction; that the year for redemption had expired, and the title of Graffam had become perfect; that he had duly and properly bought Newhall's title, and was the legal and equitable owner of the estate; that all the proceedings were open and public, and the complainant knew of them, or might, with reasonable diligence, have known of them; that he removed and stored the personal property, as he had a right to do, and gave the plaintiff notice of the fact. The answer further averred that Graffam had sold all his interest in the estate to Herbert F. Doble, of Quincy. The other defendants answered, denying all fraud and conspiracy, etc. The plaintiff amended her bill, and made Doble a defendant, alleging that he was not a *bona fide* purchaser, and that he bought with notice.

*E. P. Brown* and *Belva A. Lockwood,* for complainant.

*A. A. Ranney,* for defendants.

LOWELL, C. J. Of the actions against her the defendant had notice, and she cannot aver and prove, in this collateral suit, that they were not founded upon just debts. By a recent statute of Massachusetts the power of a judgment creditor to sell his debtor's lands at auction, which was formerly confined to equities of redemption, has been extended to unencumbered estates. St. 1874, *c.* 188; *Hackett* v. *Buck,* 128 Mass. 369; *Woodward* v. *Sartwell,* 129 Mass. 210. No notice is required to be given to the debtor unless he is found within the county. A notice must be posted in the town, and one in each of two adjoining towns, and must be published in some newspaper printed in the county. These notices are not intended for the information of the debtor, as is apparent from their character, and from the fact that they are equally essential when the debtor has had personal notice as when he has had none. Their office is to inform the public, and obtain bidders at the sale.

In the sale on Graffam's execution all the forms of law were complied with. It was made at the office of the sheriff, as is not unusual. There were no bidders excepting the creditor, and the sheriff did not adjourn the sale, as he should have done, if he had any reason to suppose that competitors would appear at the adjournment. I do not

know that there was any hope of this, for the law requires no notice of the adjournment excepting a proclamation at the time and place of the original sale. I cannot agree that the sheriff stands in a fiduciary relation to the debtor. He is a mere agent or servant of the law, and must be protected if he has honestly carried out the instructions of the statute.

I do not find a conspiracy among these defendants, such as is charged against them. I think it probable that Graffam was angry with the complainant for her neglect and refusal to pay his small bill; that he hoped to obtain power over her, by a failure on her part to learn of the sale, in order that he might compel her to do what he considered right; that is, to pay him and his attorney handsomely, according to their own views of liberality, for their time and trouble and vexation. He might have followed methods more advantageous to the complainant. He might have levied on her real estate by appraisement and extent; or, after selling the realty, he might have paid himself from the rents and profits; he might have taken personal property; he might have warned her of the danger in which she stood. Graffam says he did warn her; but it is very doubtful whether the conversation which he testifies to did not take place after the foreclosure was complete. If it was before that time it is the worse for him, because it was a totally inadequate warning, not unlikely to mislead her. This is the only evidence of any act of his which looks like concealment; but I do not think it was intended to deceive her, nor that it did, in fact, deceive her. I believe the truth to be that he did not feel easy to take this valuable estate, even after the foreclosure, until he had given her one more opportunity to pay the debt; and that, finding her still unreasonable, his conscience was appeased.

These several things that Graffam might have done, he did not do; but whatever might be required of him by good morals, or good neighborhood, or a regard to the opinion of mankind, he was under no legal obligation to do any of these things; and, as I have failed to find on his part any positive act of fraud or concealment, or anything more than silence when the law required no speech, I cannot find illegality in his conduct, and, of course, there was no conspiracy on the part of the other defendants. I must, therefore, dismiss the bill as against the attorney, the deputy sheriff, and the defendant Newhall, who sold his judgment to Graffam, as he had a right to do, and the defendants who removed the furniture. If these persons are liable to suit, it is in trespass or trover.

The only remaining questions are whether Doble is a *bona fide* purchaser without notice; and whether the plaintiff can and ought to be permitted to redeem the estate. By a recent statute of Massachusetts a *lis pendens* is not to affect the title to real estate, except as to the parties to the suit, and volunteers and persons having actual notice, until a memorandum containing certain particulars of the suit has been recorded in the registry of deeds, and no such memorandum was filed by the defendant. Whether this statute must govern the action of the circuit court in equity I do not now consider. Doble, in my opinion, is either not a purchaser, or he is one with notice. He bought the estate two or three days after the bill was filed for about one-fourth of its value; the deed does not contain the true date, nor the true price; and he had a written agreement with Graffam, regulating their respective rights in case of litigation with this plaintiff within three years. The litigation was already begun, to be sure, but he had notice that it was probable, and provided against that contingency. He is clearly a purchaser with notice, unless the whole contrivance was the cover of a sham sale, which I am inclined to think it was.

The bill is not framed as a bill to redeem, but all the facts necessary to such a bill have been pleaded and proved; the technical defect is that the complainant does not ask for redemption, nor offer to pay what is due. The court has full power to permit an amendment at this stage of the case, if the facts authorize a redemption. *Neale* v. *Neales,* 9 Wall. 1.

The land was sold for about one-fiftieth part of its value, with all due form; but it is not usual to sell land for so small a debt, when there are readier means for collecting it, by levy and extent, or by taking personal property. For this reason I do not think I ought to hold the complainant to have lost the estate by her negligence. She had no actual notice of the sale, and could have had none, except by some accident. She knew that her property might be taken to pay the debt; but there is no evidence that she knew that, by the operation of law, 50 times the debt was likely to be taken.

I hold, therefore, that through some failure of notice, not imputable to the defendant Graffam, because he was not bound to give notice, and not imputable to the complainant, who happened to live in a distant city, she has lost her estate by a harsh and intentionally undisclosed act of the defendant, though a disclosure was not legally obligatory.

Courts of equity were instituted to relieve against such mischances.

A very analogous case of relief is found in *National Bank of N. A.* v. *Norwich Savings Soc.* 37 Conn. 444. There a decree of foreclosure had been made by a court having jurisdiction, and a second mortgagee had notice by mail, as required by the statute, and the decree recited that notice had been given; but, as it had not been received, the foreclosure was opened after the full time allowed by the decree had expired.

There are many cases where statutory foreclosures are held conclusive in equity but they are cases in which there was actual notice, and the only question was whether, when a statute has given ample time for redemption, by parties having notice, anything short of fraud should be permitted to excuse a failure to act within the ample time allowed by statute.

I hold, therefore, that the plaintiff may amend within 60 days, on these terms: that she shall pay all costs to the date of this decree, and a reasonable attorney fee to the counsel who conducted the case for the defendants. If this is done, she may redeem against Graffam and Doble.

Interlocutory decree acccordingly.