EASTERN ELECTRIC CABLE COMPANY *vs.* GREAT WESTERN MANUFACTURING COMPANY & another.

Suffolk.    March 21, 1895. — September 9, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Assets, Rights, and Claims to which a Creditors' Bill will not apply.*

The unissued bonds of the A. Company in the possession of a trust company, upon which the trust company has made no advances and which it cannot issue except by the order of the A. Company, are not property or assets of the A. Company, and the right to any surplus that may remain after the mortgage of the plant of the A. Company to the trust company to secure the payment of the bonds is paid, the right to a release in case the bonds are paid in full by the A. Company and a possible right to require the return of the bonds in the hands of the trust company are not rights or claims on the part of the A. Company against the trust company to which a bill in equity under Pub. Sts. c. 151, § 2, cl. 11, and St. 1884, c. 285, § 1, will apply.

BILL IN EQUITY, under Pub. Sts. c. 151, § 2, cl. 11, and St. 1884, c. 285, § 1, to reach and apply, in payment of a debt due from the Great Western Manufacturing Company to the plaintiff, certain of its bonds in the possession of the American Loan and Trust Company.

The bill alleged that, on November 27, 1894, the Great Western Manufacturing Company executed and delivered to the American Loan and Trust Company, as trustee, a certain mortgage of its plant located in the city of Duluth, Minnesota, to secure the payment of a series of bonds amounting to one hundred thousand dollars; that the mortgagor had delivered the bonds to the Trust Company for the purpose of being sold, the proceeds thereof to be turned over to the Manufacturing Company; that since said November 27 the Trust Company had delivered to sundry parties, as requested by the Manufacturing Company, eighty thousand dollars of the bonds; that the Trust Company now had in its possession the remaining bonds, amounting to twenty thousand dollars, to be held and disposed of by it subject to the order of the Manufacturing Company, the proceeds, upon sale, to be turned over to the Manufacturing Company; and that the Manufacturing Company had no other

property within the Commonwealth which the plaintiff was able by any process to reach and apply to the liquidation of its debt. The prayer was for an injunction, an account, and for a decree that the bonds be sold and the proceeds applied to the payment of the plaintiff's debt.

The defendants demurred separately, assigning, among other grounds of demurrer, want of equity; that the bonds were merely the promises of the Great Western Manufacturing Company to pay to such persons as might purchase and pay for them, and had been placed in the hands of the American Loan and Trust Company to be disposed of, subject to the orders of the Manufacturing Company, and were not the property of that company until sold and delivered, and the court could not compel the Trust Company to issue or part with the bonds; and that if the court should compel the defendants, or either of them, to sell the bonds, and apply the proceeds to the payment of the plaintiff's debt, it would be merely a compelling of the borrowing of money upon the obligations of the Manufacturing Company.

The Supreme Judicial Court sustained the demurrer; and the plaintiff appealed.

*S. L. Whipple & H. R. Bailey*, for the plaintiff.

*W. O. Underwood*, for the defendants.

MORTON, J.   The bonds in the possession of the Trust Company were the unissued obligations of the Manufacturing Company. The Trust Company had made no advances on them, and could not issue them except, as the bill stated, by the order of the Manufacturing Company. The unissued notes or bonds of a party in his possession and control do not constitute a part of his property or assets. *Richardson* v. *Green*, 133 U. S. 30, 47. *Coddington* v. *Gilbert*, 17 N. Y. 489. See also *Barnes* v. *Mobile & Northwestern Railroad*, 12 Hun, 126; *Sickles* v. *Richardson*, 23 Hun, 559; Cook, Stock & Stockholders, (3d ed.) § 762; Jones, Corporate Bonds & Mortgages, (2d ed.) § 181. And a party cannot be directly compelled to issue his notes or bonds for the purpose of borrowing money to pay his debts.

The plaintiff further contends that there are valuable rights which the Manufacturing Company has against the Trust Company which can be reached and applied, and which are, first, the right to any surplus that may remain after the mortgage is

paid; secondly, the right to a release in case the bonds are paid in full by the Manufacturing Company; and, thirdly, a possible right to require the return of the bonds which are in the hands of the trustee.* There has been no foreclosure or default of the mortgage, there is no present surplus in the hands of the mortgagee to which the Manufacturing Company is entitled, the bonds have not been paid in full by it, and *non constat* that they will be, and no demand has been made for a release, or for a return of the bonds in the possession of the Trust Company.

We have been referred to no case in which it has been held that rights or demands so contingent and conjectural were property that could be reached and applied in payment of debts due to a creditor. See *Pettibone* v. *Toledo, Cincinnati, & St. Louis Railroad*, 148 Mass. 411; *Amy* v. *Manning*, 149 Mass. 487.

Consideration of other questions raised and discussed in the briefs is rendered unnecessary by the result reached on the question whether the Manufacturing Company had any property in the possession of the Trust Company, and whether the alleged rights could be reached and applied in payment of the plaintiff's demand.                                *Decree affirmed.*

---

* The counsel for the plaintiff in their brief cited *Pinney* v. *McGregory*, 102 Mass. 186; *Wiggin* v. *Heywood*, 118 Mass. 514; *Judge* v. *Herbert*, 124 Mass. 330; *Jenkins* v. *Lester*, 131 Mass. 355; *Whipple* v. *Fairchild*, 139 Mass. 262; *Bragg* v. *Gaynor*, 85 Wis. 468; *Massie* v. *Watts*, 6 Cranch, 148, 160.