BANKERS TRUST COMPANY, Respondent, v. THE DENVER TRAMWAY COMPANY, Appellant.

*Bonds — when not " issued and outstanding " — contributions to sinking fund.*

1. Bonds are not " issued and outstanding " while retained by the mortgagor or its depositary. They do not get that quality until some one receives and holds them as enforcible obligations. It is not required, however, that the holder shall have all the rights of·

ownership. The bonds do not cease to be enforcible because in the hands of a pledgee.

2. Where a trust mortgage provided that after a fixed date an amount equal to a certain percentage " of the principal of the bonds issued hereunder and then outstanding " shall be annually paid into a sinking fund, the contributions to the fund must be based upon the bonds which have acquired a legal inception whether the disposition has been by pledge or otherwise.

*Bankers Trust Co.* v. *Denver Tramway Co.*, 192 App. Div. 794, modified.

(Argued April 19, 1922; decided May 2, 1922.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 27, 1920, in favor of plaintiff upon the submission of a controversy under section 1279 of the Code of Civil Procedure. Plaintiff is trustee under a mortgage or deed of trust executed by defendant's predecessor and assumed, ratified and confirmed by defendant. By its terms it was agreed that certain fixed percentages " of the principal of the bonds issued hereunder and then outstanding " should be paid annually to plaintiff as a sinking fund for the redemption of bonds secured thereby. The question was as to whether these sinking fund payments should be paid on bonds executed and certified, part of which had been delivered to plaintiff as custodian for and subject to the order of defendant and part of which had been retained by defendant, unincumbered, in its treasury.

*Walter K. Earle, Gerald Hughes* and *Howard S. Robertson* for appellant.

*Charles C. Deming* for respondent.

*Per Curiam.* We think the meaning of this mortgage and of the provision for a sinking fund is correctly stated in the opinion of Mr. Justice SMITH, dissenting, at the Appellate Division.

The bonds were not " issued and outstanding " while retained by the mortgagor or its depositary. They did not get that quality until some one received and held them as enforcible obligations (*Zimmermann* v. *Timmer-*

*mann,* 193 N. Y. 486; *Eastern Electric Cable Co.* v. *Great Western Mfg. Co.,* 164 Mass. 274). We think it was not required that the holder should have all the rights of ownership. The bonds would not cease to be enforcible because in the hands of a pledgee (*Duncomb et al.* v. *N. Y., H. & N. R. R. Co.,* 84 N. Y. 190, 200). The contributions to the sinking fund must be based upon the bonds which have acquired a legal inception whether the disposition has been by pledge or otherwise.

Of the bonds in controversy, $100,000 were in pledge on November 1, 1916, and $500,000 on November 1, 1918.

The judgment of the Appellate Division should be modified by reducing the plaintiff's recovery to the sum of $6,000, with interest on $1,000 thereof from November 1, 1916, and with interest on $5,000 thereof from November 1, 1918, and as so modified affirmed, with costs to the appellant.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND and CRANE, JJ., concur; MCLAUGHLIN and ANDREWS, JJ., not sitting.

Judgment accordingly.