HIGHLAND TRUST COMPANY

*vs.*

FLORENCE M. HAMILTON

Androscoggin.　　Opinion, October 5, 1935

*Pulsifer & Ludden,* for plaintiff.
*Ralph W. Crockett,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

STURGIS, J.    This writ of entry to recover possession of a parcel of land with the buildings thereon situated in the town of Poland in Androscoggin County was heard by the trial Judge in the Superior Court with right of exceptions to rulings of law reserved. The action is brought by the Commissioner of Banks of Massachusetts in behalf of the Highland Trust Company of Somerville in that Commonwealth. The plea is *nul disseisin.* Judgment was for the defendant. The plaintiff reserved exceptions.

The material facts in this case are not seriously in dispute. On September 18, 1930, the defendant, Florence M. Hamilton, a resident of Poland, Maine, executed a promissory note for $15,000, payable on October 11, 1930 to the order of one Carl S. Flanders, which in due course was transferred by endorsement to the Highland Trust Company. The note remaining unpaid at maturity, on October 15, 1930, suit was begun in the courts of this State and on the same day a general attachment was made upon the real estate of the defendant. The action was entered in the Superior Court and continued until the April term, 1931, when judgment by default was recorded against the defendant and execution issued.

The return of the deputy sheriff, to whom the execution was given for levy by sale, recites that on May 25, 1931, he "took all the *right in equity*" which the defendant at the date of the attachment on the original writ *"had . . . to redeem"* the demanded premises which were then described; that notice in writing that "said *right in equity* would be sold by public auction on the twenty-ninth day of June, 1931, etc." was served upon the defendant, and that "a like notice" was posted and published as required by law; and; except for statements of the adjournments made, the application

of the proceeds of the sale and the satisfaction of the execution, concludes with the statement that:

"I sold by public auction all the *right in equity* which the said Florence M. Hamilton sometime known as Florence Abrams of the City, County and State of New York, had on the fifteenth day of October 1930 as aforesaid, *to redeem* the said land and buildings thereon, described as hereinbefore written, to James A. Pulsifer and Forest E. Ludden, both of said Auburn, they being the highest bidders therefor, for the sum of $18,855.23, and thereupon I executed and delivered to the said James A. Pulsifer and Forest E. Ludden, a sufficient deed of said *right in equity . . .* "

The sheriff's deed given to the purchasers at this sale, after reciting compliance with all statutory requirements, contains the following words of conveyance:

". . . and do hereby give, grant, bargain, sell and convey to them, the said James A. Pulsifer and Forest E. Ludden, *all the right in equity of redemption* which the said Florence M. Hamilton, sometime known as Florence Abrams, has or had on the fifteenth day of October, 1930, being the date of attachment on the original writ, *of redeeming* the following described real estate."

The description which followed identifies the real estate of which the equity was sold as the premises demanded in this action. The deed was duly recorded, and Messrs. Pulsifer and Ludden, the grantees therein, conveyed the property to their client, the Highland Trust Company, by quit claim deed, in no way limiting their conveyance to the equity of redemption which they had acquired according to the terms of the sheriff's deed. This is the source of the title to the demanded premises upon which the Highland Trust Company relies in this writ of entry.

The all important and controlling fact in this case, however, appears in the stipulation of the parties made during the trial. On October 15, 1930, when the attachment was made in the original suit, Florence M. Hamilton, the defendant here, held full and complete title free of all encumbrances to the premises taken on execu-

tion and, except for the lien of that attachment, continued to have clear title thereto until and including January 18, 1932, the date of the attempted sheriff's sale. Neither at the time of attachment or of seizure or of sale was she the owner of an equity of redemption in the property. She had a legal estate free from mortgage liens. She also at all times continued in and still held possession of the demanded premises at the time of the trial.

*First Exception*

Exception was reserved to the following ruling made by the presiding Justice at the request of the defendant:

"It being shown by the evidence that, neither on October 15, 1930, the date of the attachment of the defendant's real estate in the original suit of *Highland Trust Company* v. *Florence M. Hamilton,* nor on January 18, 1932, the date of the sale by Raymond L. Poulin, deputy sheriff, to James A. Pulsifer and Forest E. Ludden, nor at any time between said dates, was there any mortgage or other encumbrance on the defendant's real estate in Androscoggin County, the sale and conveyance to the said James A. Pulsifer and Forest E. Ludden of 'all the right in equity of redemption, which the said Florence M. Hamilton sometime known as Florence Abrams has or had on the fifteenth day of October, 1930, being the date of attachment on the original writ, of redeeming' the real estate described in the deed from said Raymond L. Poulin, deputy sheriff, to said James A. Pulsifer and Forest E. Ludden, dated January 18, 1932, and recorded in the Androscoggin County Registry of Deeds, Book 415, Page 443, conveyed no title to said grantees."

We find no error in this ruling.

The current statute governing a levy of execution by sale of real estate and rights and interests therein is Revised Statutes (1930) Chapter 90, Sections 31 to 39 inclusive. As counsel on their briefs seem to agree, the correctness of the ruling complained of in the first exception depends upon a proper construction of Section 31, which, with Section 35, is directly applicable to the sale attempted

to be made in this case. The pertinent provisions of these sections read:

"Sec. 31. Real estate attachable and all rights and interests therein, including the right to cut timber and grass, as described in chapter ninety-five, rights of redeeming real estate mortgaged, rights to a conveyance of it by bond or contract, interests by virtue of possession and improvement of lands as described in chapter one hundred eighteen, and estates for a term of years, may be taken on execution and sold, and the officer shall account to the debtor for any surplus proceeds of the sale, to be appropriated as provided in section twenty-two, of chapter ninety-eight. Such seizure and sale pass to the purchaser, all the right, title and interest that the execution debtor has in such real estate at the time of such seizure, or had at the time of the attachment thereof on the original writ, subject to the debtor's right of redemption. This section does not repeal any other modes of levy of execution, provided in this chapter.

Sec. 35. The officer shall sell such right or interest at public auction to the highest bidder, and execute and deliver to the purchaser a sufficient deed thereof, which, being recorded in the registry of deeds of the county or district where the land lies, within three months after the sale, conveys to him all the title of the debtor in the premises. . . ."

The Highland Trust Company, through its counsel, contends that the seizure and sale of the defendant's real estate made pursuant to these provisions of law passed to the purchasers all the title which the defendant had in the property at the time of the original attachment regardless of the estate, right or interest seized, sold or conveyed by the sheriff's deed. It relies on the provision in Section 31, supra, that

"Such seizure and sale pass to the purchaser, all the right, title and interest that the execution debtor has in such real estate at the time of such seizure, or had at the time of the attachment thereof on the original writ, subject to the debtor's right of redemption."

And it points out, as the record shows, that, at the time of the attachment and the seizure on execution of the defendant's equity of redemption, she had an unencumbered freehold estate in her lands.

We are not of opinion that this construction of this estate is sustained either by reason or authority. Until Chapter 80, Public Laws 1881, was enacted, unencumbered lands could not be sold in this State on execution. Prior to that time, rights of redeeming real estate mortgaged, rights to have a conveyance of it by bond or contract, interests by virtue of possession and improvement of lands, and estates for terms of years only could be taken on execution and sold. All real estate attachable was subject to levy by appraisement or extent, as it is usually termed, but seizure and sale on execution was restricted to the specific rights and interests in lands just enumerated. R. S. 1871, Chap. 76, Sec. 1 *et seq* and statutes of earlier enactment.

Under these earlier statutes, it became the settled law in this State that, in order to render a seizure and sale on execution legally effective, the nature of the right taken must be truly described in the notification and advertisement and the deed executed by the officer. It was accordingly held in *Stevens* v. *Legrow*, 19 Me., 95, that even under a general attachment of a debtor's real estate, who had only a right in lands under a contract, a purported seizure and sale of his equity of redemption which did not exist, passed no title. In *Pillsbury* v. *Smyth*, 25 Me., 427, it was adjudged that the sale of an equity of redemption of real estate is void if the mortgage upon the land had been paid and the debtor had an unencumbered title thereto at the time of the seizure on the execution. This rule is affirmed in *Brown* v. *Snell*, 46 Me., 490; *Bartlett* v. *Stearns*, 73 Me., 17, 21. It prevails in Massachusetts. *Freeman* v. *McGaw*, 15 Pick., 82; *Perry* v. *Hayward*, 12 Cush., 344; *Gardner* v. *Barnes*, 106 Mass., 505; *Hackett* v. *Buck*, 128 Mass., 369.

The original authority for the sale on execution of a debtor's unencumbered lands as already stated was Chapter 80, Public Laws 1881. This Act was re-enacted practically verbatim as Chapter 42, Section 76, R. S., 1883. In the Revised Statutes of 1903, Chap. 78, Sec. 32, the then existing statutory provisions authoriz-

ing the seizure and sale on execution of a debtor's real estate and his rights and interests therein were condensed into a single section, and in this form have been brought forward through subsequent revisions and now appear as R. S. (1930), Chap. 90, Sec. 31.

In *Millett* v. *Blake*, 81 Me., 531, Chapter 80, P. L. 1881, as re-enacted in R. S. (1883) Chap. 76, Sec. 42, was construed by this Court. In that case, the officer's return stated that he seized and sold "all the right, title and interest" which the defendant had in the land described on the date of attachment in the original suit. The debtor, at the time of the attachment and of the seizure and sale, had an equity of redemption in the land and no more. The Court said:

> "Prior to the enactment of this statute, the right to redeem the debtor's lands under mortgage could be acquired by the creditor by levy of his execution upon the lands as provided in said chapter, or by seizure and sale of the equity of redemption. If by levy, the amount due upon the mortgage would be deducted from the appraised value of the land taken. So that by either mode, the creditor took the right to redeem only. Under Sec. 42, the right of the creditor was enlarged so that he might sell a debtor's lands instead of making the levy, and in that way take all of the right, title and interest that he has in the lands, of any nature.

> "It is the settled law of this state, that an attachment of all the right, title and interest which the debtor has in lands, is a good attachment of the land itself. And the question presented here is whether under this enlarged remedy of the creditor, a seizure and sale of all the debtor's right, title and interest as rights of redeeming real estate mortgaged are taken on execution and sold, will pass to the creditor the debtor's right of redemption where the land is mortgaged. We think it will. We can see no good reason, and no sufficient reason has been pointed out by counsel, why the statute should not be so construed. We think such a seizure and sale will pass to the creditor all the debtor's right, title and interest in the land, whether it be a fee or a less estate."

This opinion of this Court followed *Woodward* v. *Sartwell*, 129 Mass., 210, where, in considering the statute of that State of 1874, Chap. 188, which is substantially if not precisely like our statute, it was held that the seizure and sale upon execution of all the right, title and interest of the debtor in lands passed title in such estate as the debtor had in the premises at the time of the attachment.

The construction put upon the Statute in *Millett* v. *Blake* must be affirmed. There has been no change in the law. A seizure and sale upon execution of all the right, title and interest which a debtor has in lands undoubtedly will pass title to any interest of any nature he has at the time, whether it be "a fee or a less estate" which necessarily includes an equity of redemption. It does not follow, however, and *Millett* v. *Blake* does not hold, that a seizure and sale of a specifically described right or interest in the debtor's lands will pass title to a greater estate not described or conveyed in the sheriff's deed, or to a right or interest which does not exist.

As already stated, and as is recognized in *Millett* v. *Blake*, supra, the Statute of 1874, Chap. 188, of Massachusetts is substantially identical with our statute. It is, as was Chapter 80, P. L. 1881 of this State, the original authority in that Commonwealth for the levy of execution by sale instead of extent upon lands not subject to mortgage. Its interpretation confirms our conclusions upon the question now under consideration. In *Hackett* v. *Buck*, supra, that Court said:

"The St. of 1874, c. 188, has changed the law so far as to authorize an estate not subject to mortgage to be levied upon by sale instead of by extent, but not so far as to authorize the officer to levy upon, advertise and sell such an estate as an equity of redemption, or to sell less than the entire estate which is at the time of the beginning of the levy bound by the lien of the attachment. In this case, by the discharge of the mortgage, after the attachment and before the levy, the equity of redemption had ceased to exist; the advertisement that the right to be sold on execution was an equity of redemption only, tended to limit to the prejudice of the debtor the sums bid at the sale; and the deed of the officer, being in terms limited to the right in equity, which had ceased to exist and

which could not be revived by any act of his, was a nullity, and passed no title to the purchaser."

We are of opinion, therefore, that the "seizure and sale" on execution which will pass to the purchaser "all the right, title and interest that the execution debtor has in such real estate at the time of such seizure, or had at the time of the attachment thereof on the original writ," as provided in R. S., Chap. 90, Sec. 31, must conform with and be valid under the rules stated. The right or interest of the debtor seized and sold must be truly described either specifically or in terms broad enough to include it, whatever be its nature. If the right or interest attempted to be seized and sold does not exist at the time, as in the case at bar, the levy is void. A seizure and sale on execution which is not according to law will not pass any title to the purchaser at a sheriff's sale. It is not the "seizure and sale" contemplated by the statute.

*Second and Third Exceptions*

At the trial, the presiding Justice, although requested, refused to rule that the several adjournments of the sale on execution of the defendant's land at her request constituted a waiver of formal defects in the proceedings or that payment of costs and taxes by the plaintiff, pending the sale and subsequent thereto, as shown by the record, estopped the defendant to deny the validity of the attempted sale. The refusal to make these rulings was not error. The record tends to show that the defendant made an honest but ineffectual attempt to adjust or pay the judgment debt, and the continuances were requested for that purpose. Proof of these facts does not establish a waiver of fatal defects in the levy. Nor do we find evidence of acts or assurances on the part of the defendant which estopped her from denying the plaintiff's title. The essential and well-recognized elements of estoppel are not present in this case.

*Exceptions overruled.*