STATE OF MAINE
ANDROSCOGGIN, SS.

RECEIVED & FILED

OCT 31 2001

ANDROSCOGGIN
SUPERIOR COURT

SUPERIOR COURT
Docket No. 00-RE-039

DANIEL P. DUMONT,
   Plaintiff,
 v.

ORDER

J&M REALTY COMPANY, INC.,
   Defendant.

Pending before the Court is the Defendant's Motion for Summary Judgment, filed August 13, 2001. A hearing on the motion was held on October 25, 2001. Plaintiff was represented by Christopher Roach, Esq., and Defendant was represented by Susan Oram, Esq.

## DISCUSSION

Motions for summary judgment have been addressed by the Law Court on many occasions:

> In reviewing a summary judgment, we examine the evidence in the light most favorable to the nonprevailing party to determine whether the record supports the conclusion that there is no genuine issue of material fact and that the prevailing party is entitled to a judgment as a matter of law. *(citation omitted)* In testing the propriety of a summary judgment, we accept as true the uncontroverted facts properly appearing in the record. (citation omitted)

*Champagne v. Mid-Maine Med. Ctr.*, 1998 ME 87, ¶ 5, 711 A.2d 842, 844. The issue is not whether there are <u>any</u> disputes of fact, but whether any of the disputes involve a "genuine" issue of "material" fact. *See* Rule 56(c). After reviewing the record provided with these standards in mind, the court must conclude that there are no genuine issues of disputed fact.

In December 1999, a sheriff's auction was held pursuant to 14 M.R.S.A. § §

2201, *et seq.* At that sale, a parcel of land located at 37 Blake Street was "sold" to J&M Realty. If conducted pursuant to 14 M.R.S.A. §§ 2201, *et seq.* , a seizure and sale will "pass to the purchaser all the right, title and interest that the execution debtor has in such real estate at the time of such seizure, or had at the time of the attachment thereof on the original writ." The execution debtor whose property was subject to seizure and sale was Richard Ryan, Sr., due to a debt he owed DeBlois Electric. In May 1996, that company won a judgment against him and, based upon that judgment, obtained a writ of execution for $10,730.90 on June 7, 1996.[1] (Deblois Writ)

On July 22, 1996, Richard Ryan, II (Ryan, Sr.'s son) purchased the parcel at 37 Blake Street from Mechanics Savings Bank. Richard Ryan, Sr. never had any legal interest in the parcel of land located at 37 Blake Street in Lewiston.

The court is compelled to find that the execution debtor subject to the DeBlois Writ never had any legal interest in the property. As a result, the sheriff's sale and subsequent sheriff's deed could not transfer any interest in the property to J&M Realty:

> "If the right or interest attempted to be seized and sold does not exist at the time . . . the levy is void. A seizure and sale on execution which is not according to law will not pass any title to the purchaser at a sheriff's sale."

*Highland Trust Co. v. Hamilton*, 181 A. 825, 828 (Me. 1935).

The court is also compelled to find that Richard Ryan II was not the

---

[1]There was a second writ against Mr. Ryan, Sr. However, that writ is not the subject of this motion.

2

execution debtor subject to the Deblois writ, and that, even if he were, he acquired the property after the attachment of the original writ. As a result <u>no</u> "Richard Ryan" had any legal interest in the property at the time of attachment of the Deblois Writ.

## ORDER

For the reasons stated above, plaintiff's motion for summary judgment is granted, and the Court issues the following ORDERS:

A. The sheriff's deed recorded at the Androscoggin County Registry of Deeds at book 4367, page 164 is void *ab initio* and has no effect, legal, equitable or otherwise.

B. The judgment and associated writ of execution obtained by J&M Realty Co. from Deblois Electric Company in the matter *Wilfred Deblois Electric Co. v. Richard Ryan*, LEW-95-390, are unenforceable against and have no effect on the property located at 37 Blake Street, Lewiston, Maine, or on Daniel P. Dumont's interest therein.

C. Daniel P. Dumont's right, title and interest in the property at 37 Blake Street, Lewiston, Maine is unencumbered by the Deblois judgment or the writ of execution stemming from that judgment.

D. Daniel P. Dumont is entitled to his costs, including reasonable attorney fees, in removing the sheriff's deed from his title to the property.

## DOCKET ENTRY

The Clerk is directed to incorporate this Order in the docket by reference, in accordance with M.R.Civ.P. 79(a).

DATED: October 31, 2001

_____
Ellen A. Gorman

3