## LUTHER HASKELL *vs.* NICHOLAS VARINA.

The omission by an officer or creditor for more than thirty days to proceed with the levy of an execution at any stage between the commencement and the completion of the levy is, in the absence of explanatory circumstances, an unreasonable delay and avoids the levy.

WRIT OF ENTRY to recover land in Newburyport. Writ dated May 14, 1872. At the trial in the Superior Court, before *Putnam*, J., the demandant put in evidence copies of a mortgage deed from Solomon Littlefield to a savings bank, of a writ and a levy of execution against Littlefield in favor of the demandant, and of a writ and judgment against Littlefield in favor of William Fisher and others. The tenant put in evidence a deed to him from Littlefield. No other evidence was offered, and no question was made as to the identity of the premises.

From these papers the following facts appeared: Littlefield mortgaged the premises to the savings bank in 1859; in 1868 his equity of redemption was attached on the writ against him in favor of Fisher and others; in February 1869 it was attached on the writ against him in favor of the demandant; and on October 19, 1869, the demandant obtained judgment in his suit and execution was issued thereon. The officer, in his return, set forth that by virtue of the execution he seized Littlefield's equity of redemption; that in consequence of attachments in pending suits, the further service of the execution was suspended; that as soon as he heard of the dissolution of said prior attachments upon diligent inquiry and examination, he notified Littlefield to appoint an appraiser; that Littlefield neglected and refused to do so; that thereupon he appointed three appraisers who made an appraisement; and that afterwards on April 13, 1870, he delivered seisin and possession of the premises to the demandant. The certificate

of the appraisers bore date April 12, 1870. Judgment was recovered against Littlefield in the suit of Fisher and others upon January 1, 1870; but execution thereon was not issued until March 14, 1870. On March 25, 1870, Littlefield conveyed the premises to the tenant by a deed which was recorded the same day.

Upon this evidence the judge ruled that the demandant could not recover, and directed a verdict for the tenant, which was returned, and the judge reported the case for the determination of this court.

*C. Lamson,* for the demandant.

*S. B. Ives, Jr.,* for the tenant.

GRAY, J. The burden of proving a compliance with the statutes in all respects necessary to make a title under the levy is upon the party claiming under it. The real estate in question having been seized on the demandant's execution, and the further service of that execution having been then suspended by reason of a prior attachment, the estate remained bound by the seizure on execution until the attachment was dissolved and for thirty days thereafter, and the service of the execution might be completed in like manner as if the estate had been first seized thereon at any time within said thirty days. Gen. Sts. *c.* 133, §§ 50, 51. The demandant contends, and for the purposes of this case we may assume, that by virtue of this last provision the levy of the execution might be proceeded with in the same manner and within the same time as if the original seizure had been made on the last moment of the thirtieth day after the dissolution of the prior attachment. " The officer, after taking land on execution, shall give notice thereof to the debtor, if found within his precinct, allow him a reasonable time to appoint an appraiser, and then proceed without unnecessary delay to have the estate appraised and complete the levy thereon;" and the levy takes effect as of the date of the seizure, if the appraisement and the completion of the levy are pursued with reasonable diligence. Gen. Sts. *c.* 103, § 24. *Heywood* v. *Hildreth,* 9 Mass. 393.

What is reasonable diligence in this respect, like any other question of reasonable time, is, when the facts upon which it de-

pends are undisputed and unequivocal, a question of law, and should be determined, as far as may be, by uniform rules. *Bassett* v. *Brown*, 105 Mass. 551, 557. *Spoor* v. *Spooner*, 12 Met. 281, 284. *Bank of Columbia* v. *Lawrence*, 1 Pet. 578, 583. *Howe* v. *Huntington*, 15 Maine, 350. In view of the statutes and decisions upon the subject, and in the absence of all qualifying or explanatory circumstances, we are of opinion that an omission of the creditor or officer to proceed with the levy of an execution, for more than thirty days, at any stage between the recovery of judgment and the completion of the levy, is an unreasonable delay. An attachment is dissolved, if the levy of the execution upon the property attached is not commenced within thirty days after judgment. Gen. Sts. c. 123, § 42. If a levy has been begun, and suspended by reason of a prior attachment, the estate, or such part as remains undisposed of, continues bound for thirty days after the attachment has been dissolved, or part of the property applied on execution to satisfy it. Gen. Sts. c. 133, §§ 50, 51. In *Waterhouse* v. *Waite*, 11 Mass. 207, it was held that the neglect of the judgment creditor for thirty days after the seizure and appraisal to receive seisin of the land from the officer was an unreasonable delay, and such laches on his part as defeated the levy. And in *Inman* v. *Mead*, 97 Mass. 310, where the officer's return showed that the appraisers were sworn on the twenty-ninth day after the seizure, it was held that the omission of the return to show any reason for such delay did not defeat the levy.

In the case at bar, the officer's return, which is the only evidence upon the subject, does not show that anything was done towards making the appraisement or completing the levy for forty days after the dissolution of the prior attachment; for that attachment was dissolved on January 31, and the appraisers' certificate bears date of April 12, and there is nothing to show that the appraisers were appointed, or notice given to the debtor to appoint one, until the day last named. The result is that the demandant's levy is avoided as against the conveyance meanwhile made by the debtor to the tenant.

*Judgment on the verdict for the tenant.*