CHARLES U. BELL, trustee, *vs.* CATHERINE WALSH.

Essex. Nov. 5, 1880. — Jan. 15, 1881. AMES & ENDICOTT, JJ., absent.

The levy of an execution upon land by sale, under the St. of 1874, c. 188, must be considered as made at the time of first giving the notice of sale to the debtor; and any delay of the officer in completing the levy is immaterial, if no intervening rights have been acquired.

Two lots of land in one county, and one lot adjoining and "lying wholly or partly" in a town in another county, were conveyed to three persons in common, one of whom conveyed his undivided interest in the two lots first named to another person. That interest was afterwards levied upon by sale under the St. of 1874, c. 188, as the property of the grantor. *Held*, upon a bill of exceptions alleged at the trial of a writ of entry by the grantee at the sale, that, as it was not shown that any objection was taken at the trial to the omission from the levy of the third lot, or that any part of that lot was within the county in which the other two lots were, there was nothing to impeach the validity of the levy.

It is within the discretion of the court to issue, without previous notice to the husband, an execution for money ordered to be paid by him for the support of his wife, under the St. of 1874, c. 205.

WRIT OF ENTRY, dated February 17, 1879, brought by the trustee of Bridget Walsh, to recover an undivided one-third interest in two lots of land in Methuen. Plea, *nul disseisin.* Trial in the Superior Court, before *Aldrich,* J., who allowed a bill of exceptions in substance as follows:

The demandant offered in evidence a deed, duly acknowledged and recorded, showing that, on September 8, 1862, Michael J. Walsh conveyed to the tenant, to Thomas Walsh and to James

Walsh, two lots of land described as situated in Methuen, being the two lots described in the demandant's writ, and one lot adjoining and lying wholly or partly in Dracut; and that, on February 5, 1878, Thomas Walsh conveyed to the tenant his undivided interest in the two lots in Methuen. The demandant contended that this deed was fraudulent.

The demandant also offered in evidence the petition of Bridget Walsh against Thomas Walsh, her husband, brought in the Supreme Judicial Court for this county in 1877, under the St. of 1874, c. 205, to compel her husband to furnish her support; also the record of the court in that case, which showed that, in April 1878, the petitioner, on the default of Thomas Walsh, recovered judgment against him, and that the court ordered him to pay her the sum of $30 a month from January to December 1878, inclusive, payable on the first day of each month, and $15 a month thereafter, and her taxable costs, and that execution issue for each monthly payment on the petitioner filing affidavit of non-payment. There was no attachment on this petition.

The demandant, as trustee of Bridget Walsh, claimed title to an undivided third part of said two lots of land, and offered in evidence an affidavit of the petitioner of the non-payment of the instalment due for the month of September 1878, also an execution dated November 8, 1878, issued from the Supreme Judicial Court for this county in common form against Thomas Walsh for the sum of $30, the instalment so due for the month of September, and the return of the officer on the execution, and the deed from the officer to the demandant.

The officer's return recited that, on November 12, 1878, he seized and levied the execution on all the right, title and interest of Thomas Walsh in and to said two lots of land; and that on December 18 following he gave notice to the debtor that he should sell said interest, by public auction, on January 20, 1879. The return did not show anything done by the officer towards completing the levy of the execution or sale of the premises from November 12 to December 18, when he gave said notice.

The tenant asked the judge to rule that the sale of the two lots of land under the execution was void, and passed no title in the same to the demandant, for the following reasons: "1. That

the return of the officer on said execution showed that, on November 12, 1878, he seized and levied the execution on all the right, title and interest of Thomas Walsh in and to said two lots of land, and that the officer did nothing further towards completing the levy on said execution, or a sale of said interest, till on December 18 following, thirty-six days after the seizure and levy, when he gave notice to the debtor of the sale of said interest on January 20, 1879, which was an unreasonable delay on the part of the officer between the levy and notice, and notice and sale, and thereby the attachment or lien created by the seizure and levy was dissolved, and the sale under the execution void.  2. That the levy of said execution on one undivided third interest of Walsh in said lots held in common was void; that in the absence of any reason set forth by the officer, in his return upon the execution, why said lots so held in common could not be divided without damage to the whole, said levy and sale were void; and that Walsh's said interest could only be sold on a due levy, appraisement and set off of sufficient of the land to satisfy the execution.  3. That the execution issued from the Supreme Judicial Court was improperly and irregularly issued, and the levy and sale under the same was void, because an execution could not issue on an order or decree of court for the amount of an instalment due on a decree or order of court, without due notice to Walsh and an opportunity given for him to be heard."

The judge refused so to rule; and ordered judgment for the demandant.  The tenant alleged exceptions.

*J. C. Sanborn*, for the tenant.

*C. U. Bell*, pro se.

GRAY, C. J.  Under the Gen. Sts. c. 103, a levy of execution upon real estate could be made by sale in the case of rights to redeem mortgage lands only, and in all other cases must be made by appraisement and setting off.  But by the St. of 1874, c. 188, any interest in real estate, which might previously have been levied on by extent, may now be levied on by sale.  Gen. Sts. c. 103, § 1.  St. 1874, c. 188, § 1.  *Hackett* v. *Buck*, 128 Mass. 369.  *Woodward* v. *Sartwell*, 129 Mass. 210.

The levy in this case, having been by sale, must be considered as made at the time of first giving the notice of sale.  St.

1874, *c.* 188, § 2. Gen. Sts. *c.* 103, § 43. Any delay of the officer in completing the levy was immaterial, the tenant having acquired no right in the mean time. *Blanchard* v. *Brooks*, 12 Pick. 47, 61. *Haskell* v. *Varina*, 111 Mass. 84, 86.

The bill of exceptions does not show that any objection was taken at the trial to the omission from the levy of the third lot, "lying wholly or partly in Dracut" in the county of Middlesex; nor does it show that any part of that lot was within the county of Essex. There is nothing therefore to impeach the validity of the levy upon the debtor's undivided share in the two lots which, so far as appears, constituted the whole estate in common in this county. *Blossom* v. *Brightman*, 21 Pick. 283. *Peabody* v. *Minot*, 24 Pick. 329, 333. The levy having been made by sale, and not by appraisement and setting off, the provisions of the Gen. Sts. *c.* 103, §§ 9, 10, cited for the tenant as to levying on such undivided portion as the appraisers may deem sufficient to satisfy the execution, have no application.

Under the modern statutes, although it is not usual to issue an execution for alimony without previous notice and hearing, yet it is within the discretion of the court, upon a consideration of all the circumstances of the case, to order such an execution to issue without notice. St. 1820, *c.* 56, § 2. Rev. Sts. *c.* 76, § 38; *c.* 81, § 9. Gen. Sts. *c.* 107, §§ 45, 53; *c.* 113, § 23. *Morton.* v. *Morton*, 4 Cush. 518, 519. *Newcomb* v. *Newcomb*, 12 Gray, 28. *Chase* v. *Chase*, 105 Mass. 385. *Slade* v. *Slade*, 106 Mass. 499. And the court, under the power conferred by the St. of 1874, *c.* 205, to make such "order as it deems expedient for the support of the wife," had a like discretion.

*Exceptions overruled.*