WILLIAM FIRTH *vs.* JACOB M. HASKELL & another.

Middlesex.　January 11, 1889. — February 27, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Sale of Land on Execution — Officer's Return.*

Land was duly levied on and sold, and the deputy sheriff making the sale, after delivering the deed, which was duly recorded, prepared a certificate of his doings, and died seven years later leaving it unsigned and not returned into court. Soon after his death, the sheriff of the county, who was a deputy sheriff at the time of the issue of execution and the sale, completed the return. *Held,* that the validity of the levy and sale was unaffected by the delay in making the return, and that the officer completing it was duly authorized to do so under the St. of 1885, c. 125, § 1.

CONTRACT for breach of the covenants in a warranty deed in the usual form, given by the defendants to the plaintiff. The declaration alleged, that the defendants, having brought an action, by writ dated July 21, 1876, against James P. Richardson, and made an attachment on mesne process of certain land owned by him in Medford, which attachment was duly recorded, recovered judgment against him on December 21, 1877 ; that on January 15, 1878, execution was duly issued on such judgment, and was placed in the hands of Luther L. Parker, then a deputy sheriff in and for the county of Middlesex, who, on January, 1878, levied on the land in question, and on August 10, 1878, after due notice, duly sold it to the defendants, and conveyed the land to them by deed dated August 10,

1878, and duly recorded within three months thereafter in the registry of deeds ; that Parker, after making such levy and sale, and writing out his return in due form upon the execution, died on June 8, 1885, without having completed the return by signing it ; that afterwards, on August 24, 1886, Henry G. Cushing, the sheriff of Middlesex County, who was a deputy of the former sheriff of that county at the date of the levy and sale, annexed to the return upon the execution a certificate, and signed the same, and duly returned the execution with the return and certificate into court, which certificate was as follows :

" Middlesex, ss.    Aug. 24, 1886.    I hereby certify that among the effects of the late Luther L. Parker, a deputy sheriff of said county, who died on the eighth day of June, A. D. 1885, there was found the within execution, with the return thereon duly made, but unsigned by the said Parker, and upon investigation I am fully satisfied that the facts set forth in said return are true, and so I return said execution to court.    And I certify that I find that said Parker did what is recited in said return hereon written.    Henry G. Cushing, sheriff, and a deputy sheriff the whole of the year 1878 under Charles Kimball, Esquire, at that time sheriff of said county of Middlesex."

The declaration further alleged, that, on March 18, 1878, Richardson conveyed the land in question by a deed of that date, duly recorded, to a third person, who was ignorant of the attachment and levy ; and that by reason of the failure of Parker to make such return, the defendants acquired no title under his deed to them, and were not seised in fee simple of the land in question when they delivered to the plaintiff their deed thereof, and such third person, by reason of such failure to make such return and of the deed from James P. Richardson to him, became the owner of the land.

The defendants demurred to the declaration, on the grounds that it set forth no legal cause of action, and that " the service of said execution, begun by said Parker as deputy sheriff aforesaid, was completed by said Cushing, he being an officer who might by law have served the execution if originally delivered to him.    Wherefore due return was made on said execution, and the same was duly returned into court under the provisions of chapter 125 of the Acts of 1885."

The Superior Court sustained the demurrer; and the plaintiff appealed to this court.

*P. A. Bridgham,* for the plaintiff.

*T. L. Livermore,* for the defendants.

KNOWLTON, J.    When an execution is levied by set-off upon real estate, the execution itself, with the officer's return upon it, duly recorded, is the only competent evidence of the title acquired by the creditor.  Pub. Sts. c. 172, § 22.    When a levy is completed by a sale, a deed is given by the officer, which must be recorded within three months, and the return of the execution is of less importance.  Pub. Sts. c. 172, § 28.    Indeed, it is held in some States, that the title of a purchaser at a sale upon execution rests upon a judgment and execution which authorize the sale; that it cannot be affected by mere irregularities of the officer; and that a return of the execution is not necessary to protect the purchaser's rights.

But in this Commonwealth it has been decided that a return of the execution is essential to the validity of such a sale.    *Walsh* v. *Anderson,* 135 Mass. 65.    This return may be made a long time after the levy, and it will relate back to the time named in the writ.    *Prescott* v. *Pettee,* 3 Pick. 331.    *Welsh* v. *Joy,* 13 Pick. 477.    *Walsh* v. *Anderson,* 135 Mass. 65.

The Pub. Sts. c. 171, § 54, and the substituted St. of 1885, c. 125, § 1,* are applicable to this case.    The officer who made the sale died without fully performing his official duty.    He prepared a certificate of his doings, but he left it unsigned, and he failed to return the execution to the court.    The officer who

---

* This statute is as follows:    .

" Section 1.    When an officer has begun to serve an execution, and dies, or is incapable of completing the service and return thereof, the same may be completed by any other officer who might by law have served the execution if originally delivered to him; or in case of sickness or absence, the judgment creditor or the officer who began to serve the execution may delegate any other officer who might by law have served the execution if originally delivered to him temporarily to act for him during said sickness or absence.    If the first officer has not made a certificate of his doings, the second officer shall certify whatever he finds to have been done by the first officer, and shall add thereto a certificate of his own doings, whether the same be in part or wholly completing the service.

" Section 2.    Section fifty-four of chapter one hundred and seventy-one of the Public Statutes is hereby repealed."

returned it was one " who might by law have served the execution if originally delivered to him."

If rights of third persons can be affected in any case by mere lapse of time between the service and the return of an execution upon which real estate is sold, they were not in this case.

*Judgment affirmed.*