WARREN C. BLAKE, executor, *vs.* FLORENCE M. ROGERS.

Middlesex.    November 15, 1911. — January 4, 1912.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DECOURCY, JJ.

*Execution*, Sale, Officer's return. *Evidence*, Presumptions and burden of proof, Extrinsic affecting officer's return. *Land Court*, Appeal. *Words*, "Published," "Printed."

While the proceedings incident to a sale of real estate after a levy of an execution thereon must conform to the requirements of R. L. c. 178, § 28, the fact that such requirements have been observed may be proved by the execution with the return thereon of the officer who made the sale, if such return in substance

and with certainty shows compliance with the statutory requirements although
it contains verbal departures from the wording of the statute.

The following return of an officer who, having levied upon real estate in the town
of Framingham under an execution describing the debtors as " of Boston," had
sold the property at an execution sale, is evidence tending to show compliance
with all requirements of R. L. c. 178, §§ 28, 44 : " By virtue of this execution, I
. . . gave notice of the time and place of sale to the [judgment debtors] by
sending to their address in Boston, prepaid by registered letters, each a copy of
said notice, the said [judgment debtors] not residing within my precinct and
not being found by me therein, and caused notifications thereof to be posted
up in the following public places, to wit [naming them] and afterward caused
an advertisement of the time and place of sale to be published three weeks suc-
cessively before said sale in the Marlboro' Times, a newspaper printed in Marl-
borough in said county."

The meaning of the requirement of R. L. c. 178, § 28, that the publication of the
notice of the time and place of an execution sale of real estate shall be in a
" newspaper, if any, published in the county in which the land lies," is that such
newspaper shall be printed and issued within the county; and therefore a return
of the officer making such a sale, that he " published " notice thereof in a news-
paper " printed " in the county, sufficiently shows compliance with the above
requirement of the statute.

Extrinsic evidence is not admissible to contradict or control the return upon an
execution of an officer who was authorized to act under the execution.

A report of a decision of a judge of the Land Court, filed by him in the Superior
Court on an appeal from his decision while St. 1905, c. 288, which provided that on
an appeal from the Land Court the judge who rendered the decision should file
in the Superior Court " a full report of his decision of the facts found by him,"
which should " be *prima facie* evidence as to the matters therein contained,"
was in force, has no value as evidence if it contains only a ruling of law.

WRIT OF ENTRY to recover possession of certain land on Pratt
Street in that part of the town of Framingham called South
Framingham. Writ dated February 5, 1909.

In the Land Court the case was heard by *Clark*, J., who, on
December 30, 1909, filed the following memorandum :

" The demandant to show his title introduced a sheriff's deed,
dated May 12, 1909, recorded September 1st, 1909, purporting
to convey to him, the demandant, all the right, title and interest
which George W. and Alice H. Cutler, or either of them, had in
the demanded premises on the 23rd day of March, 1909. He
offered no evidence of the truth of the recitals contained in said
deed nor did he offer evidence to show that said Cutlers, or
either of them, had any right, title or interest in the demanded
premises on said 23rd day of March, 1909, or at any other time.
I ruled therefore at the request of the tenant that the demandant
was not entitled to recover. Judgment for the tenant."

The demandant appealed to the Superior Court, where the case was tried before *Fox*, J., upon issues, as to only one of which there was any dispute between the parties, namely, whether the recitals contained in the sheriff's deed hereinafter described were true.

The demandant, to prove his title, relied upon a sheriff's deed. No question was raised as to the execution and delivery of the deed or the title of the execution debtor or the identity of the land demanded with that described in the deed. A certified copy of the execution under which the alleged sale was made was introduced in evidence, and also, subject to an exception of the tenant, a certified copy of the officer's return thereon and of amendments to the return. The judgment debtors were described in the execution as "George W. Cutler and Alice H. Cutler of Boston in the county of Suffolk." Material portions of the return as amended were as follows:

"Middlesex, ss.                    March 23rd, A. D. 1909.

"By virtue of this Execution, I this day at three o'clock in the afternoon seized and took as the property of the within named Judgment Debtors George W. Cutler and Alice H. Cutler or either of them all the right, title and interest which they or either of them have in and to the following described parcel of real estate the record title of which stands in the name of Florence M. Rogers, to wit . . . [here followed a description of the land in controversy] . . . and afterward within three days I deposited an attested copy of this Execution with so much of my return thereon as relates to said taking into the office of the Registry of Deeds, at Cambridge within and for the southern district of the county of Middlesex, and on the twenty-sixth day of said March being thirty days before the time appointed for the sale hereinafter mentioned I gave notice of the time and place of sale to the said George W. Cutler and Alice H. Cutler by sending to their address in Boston, prepaid by registered letters, each a copy of said notice,* [the said George W. Cutler and Alice H. Cutler not residing within my precinct and not being found by me therein] and caused notifications thereof

---

* These words in brackets were added by an amendment allowed "*nunc pro tunc* as of the date of officer's return."

to be posted up in the following public places, to wit: at the Post Office in South Framingham being the Town where said land lies and at the Post Office in Natick and at the Post Office in Marlborough and adjoining Town and City and afterward caused an advertisement of the time and place of sale, to be published three weeks successively before said sale, in the Marlboro Times, a newspaper printed in Marlborough in said County, to wit on the eighth, fifteenth and twenty second day of April 1909 and on the eighth day of May 1909 at eleven o'clock in the forenoon at the premises above described, the time and place appointed for said sale as aforesaid, I sold the said right, title, and interest, by public auction to Warren C. Blake Executor, as within named, who bid therefor the sum of twenty-five hundred dollars, which was the highest bid made therefore and I have made executed acknowledged and delivered to the said Warren C. Blake Executor, a good and sufficient deed of said right, title and interest . . . [here followed a statement as to the application of the amount received from the purchaser] . . . Chas. G. Whitman, deputy sheriff." The return was sworn to before an assistant clerk of courts.

The objections of the tenant to the admission of the return in evidence were that the return " did not sufficiently set forth . . . (1) that written notice had been given to the debtors, (2) that a copy of said written notice had been mailed and addressed to the debtors at their residence as described in the execution, (3) that a notice of said sale had been posted, (4) that a notice of said sale had been published, (5) that a notice of said sale was published in a newspaper in Middlesex County."

The tenant offered in evidence the report of the judge of the Land Court set out above, and, both parties having rested, asked the presiding judge to rule that there was " no evidence to support the truth of the recitals in the deed of the sheriff." The ruling was refused.

The presiding judge instructed the jury in substance that through the return on the execution the demandant had offered evidence of the steps taken in making the title, and that evidence had been offered tending to show that the recitals in that return were true and that no evidence had been offered to the contrary on that point, and therefore that they were warranted in bringing

in answers favorable to the demandant on the issues. The jury found accordingly; and the tenant alleged exceptions.

The case was submitted on briefs.

*J. P. Dexter,* for the tenant.

*C. F. Choate, J. L. Hall & R. A. Stewart,* for the demandant.

BRALEY, J. The execution with the amended return making it conformable to the truth was admissible to prove the recitals in the sheriff's deed under which the demandant claimed title to the premises. *Childs* v. *Barrows,* 9 Met. 413. *Sawyer* v. *Harmon,* 136 Mass. 414. *Hunneman* v. *Phelps,* 207 Mass. 439. But unless it appeared therefrom, that in making the levy and sale, the requirements of the statute had been followed, the judgment debtors had not been divested of their estate. *Rand* v. *Cutler,* 155 Mass. 451, 453. By R. L. c. 178, § 28, a notice of the time and place of sale must be posted in the city or town where the land lies, and in two adjoining cities or towns if there are so many in the county, and, the debtors having been described in the execution as residing in another county, it was also necessary under § 44 to send by mail, postpaid and addressed to each of them at their residence as described in the execution, a written or printed notice of the sale. R. L. c. 8, § 5, cl. 25. It is the purpose of the statute, that the debtor shall be notified in order that he may fully protect his interests at the auction, or prevent the sale by payment of the judgment with accrued costs.

The proceedings indeed must conform to the statute, but no set form of words is prescribed by which compliance must be manifested. The errors relied on by the tenant as to the posting of the notice and service upon the defendants go rather to the form of expression used by the levying officer than to the substance of the statute, and the verbal departures in the return from the literal wording of the statute do not affect the truth of the recitals of what had been done, and in these particulars the statements show with sufficient certainty, that he acted in conformity with it. *Owen* v. *Neveau,* 128 Mass. 427. *Sawyer* v. *Harmon,* 136 Mass. 414, 415. *Holmes* v. *Jordan,* 163 Mass. 147, 148, 149.

" The officer shall also cause a notice of the time and place of sale to be published three weeks successively before the sale in a newspaper, if any, published in the county in which the land

lies." R. L. c. 178, § 28. If the use of the word " advertisement "
in the return, instead of " notice," when referring to the act of
publication was not a fatal variance for reasons already given,
the tenant urges, that because the return further states, that the
sale was published in a newspaper " printed " in the county, the
statute was violated and the levy was fatally defective. The time
and place of sale are to be made known and advertised to the com-
munity for the purpose of attracting purchasers and to prevent
secret and collusive transfers to the injury of the debtor or of
other attaching creditors or of incumbrancers. A newspaper
which merely circulates within the county, although it might be
an effectual medium of publicity, is not within the statute, if there
be a newspaper " published in the county in which the land lies."
The Legislature has not defined the sense in which the word is
here used, but it is to be construed according to the common and
approved usage of the language. R. L. c. 8, § 4, cl. 3. Obviously
it refers to its local habitation and the notice must be inserted in
a newspaper printed and issued within the county. In ordinary
signification the phrase " published and printed " when used in
connection with books, magazines and newspapers bearing the
imprint of a town or city denotes the place where the press work
is done and the publication is issued. *Bayer* v. *Hoboken,* 15
Vroom, 131 ; *S. C.* 16 Vroom, 185. *State* v. *Bass,* 97 Maine, 484.
It is thus defined in R. L. c. 13, § 1, now St. 1909, c. 490, Part II,
§ 1, requiring collectors of taxes to give notice of the time and
place of sale of land for payment of taxes by publication. " Pub-
lication . . . shall mean the act of printing . . . in a newspaper
published in the city or town, if any, otherwise in the county,
where the land or other property . . . is situated." *Connors* v.
*Lowell,* 209 Mass. 111, 119. Our previous statutes relating to the
seizure and sale of lands on execution when examined confirm
this interpretation. The original act of 1798, c. 77, §§ 3, 4, pro-
viding for the attachment and sale of an equity of redemption
which was re-enacted without material change in phraseology in
Rev. Sts. c. 73, § 39, Gen. Sts. c. 103, § 41, and the Pub. Sts.
c. 172, § 29, required, that " an advertisement of the time and
place of sale, to be published . . . in some public newspaper,
printed in the county in which such real estate lies, if any such
newspaper shall be there printed." The R. L. c. 178, § 28, with

the exception that " published " is substituted for " printed," made no change, and if susceptible of more than one construction it should be construed with the preceding statutes of which it is not a repeal, but a re-enactment.  R. L. c. 226, § 2.  *Bent* v. *Hubbardston,* 138 Mass. 99, 100.  *Franks* v. *Edinberg,* 185 Mass. 49, 53.

The return leaves nothing to be inferred as to the steps taken. It specifically and aptly recites, that in the mode prescribed the time and place of sale were published in a newspaper printed in the county, and on the face of the record no error is disclosed.

The essential elements of a valid sale having been put in evidence, the judge properly declined to give the tenant's request, that the truth of the recitals in the sheriff's deed had not been shown.  *Welsh* v. *Joy,* 13 Pick. 477.

The jury also were correctly instructed, that the evidence, if believed, warranted an affirmative answer to the second issue which raised the only questions presented by the exceptions.  It is settled, that extrinsic evidence was not admissible to contradict or control the return on the execution.  *Sykes* v. *Keating,* 118 Mass. 517, 520.  And the decision of the associate judge of the Land Court moreover having contained no findings of fact, but only a ruling of law, it had no evidentiary value under St. 1905, c. 288.  *DePonta* v. *Driscoll,* 200 Mass. 225, 226.

*Exceptions overruled.*