ALBERT E. DAY *vs.* ANNA, BOULLE.

Franklin.    September 16, 1919.— October 16, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Land Court,* Finding by judge. *Execution,* Return by officer, Notice of sale. *Notice. Sale,* Under execution.

Where a judge of the Land Court, upon evidence warranting the findings, finds in substance that a predecessor in title to a petitioner for the registration of a title to certain land obtained his title to the land by virtue of two sales on executions issued in actions wherein valid attachments of the land had been made respectively in January and in April of a certain year, one of a life estate therein and the other, after a sale on an execution issuing in the former action, of "all the right, title and interest in the premises which the defendant had therein," the land being particularly described and the title being stated to be in the name of another, and also by virtue of a judgment in a writ of entry following the second of the sales and brought within one year after the return day of the execution; and that the petitioner's title was valid as against a claim of title of the respondent based solely on the foreclosure of a mortgage which was dated and recorded after the attachments, such findings will not be revised by this court on exceptions by the respondent.

A return by an officer upon an execution issued in an action in which there had been an attachment of all the right, title and interest which the defendant had in certain land, the record title to which stood in another, stated that by virtue of the execution he "took all the right in equity" which the defendant had on the date of the attachment "of redeeming the following described real estate," describing it by metes and bounds, that the record title stood in the name of another, naming him as in the return of attachment, and that, after notice, of which he made a detailed description, he "sold the said right in equity by public auction" to a certain person.   At the time of the special attachment there were of record two outstanding mortgages upon the premises and the day before there had been a sale and conveyance under an execution in another action of all the right, title and interest which the defendant had in the land on a date three months previous to the special attachment, at which time the record showed only a life interest in the defendant.   *Held,* that the return of the officer conformed substantially to the statutory requirements.

A notice to the defendant of the sale under such an execution, which the return of the officer shows was given by leaving it at the last and usual place of abode of the, defendant "in Rowe in the county of Franklin in the dwelling house on

the premises hereinbefore described; which said dwelling house was known by me to be the last and usual place of abode of said defendant," is a compliance with the requirements of R. L. c. 178, § 44, although the defendant was described in the execution as "of Ludlow, in the County of Hampden."
The recital in the return of the officer above described, that at the time of the service of the notice the dwelling house where the notice was left was known to the officer to be the last and usual place of abode of the defendant, must be taken as true.

PETITION, filed in the Land Court on February 16, 1918, for the registration of the title to a parcel of land in the towns of Rowe and Heath.

The petitioner claimed title through a sale on an execution issuing in an action wherein was made on January 23, 1913, an attachment of a life estate of one Helen E. Duquette in the land, through a sale on an execution issuing in an action, wherein on April 25, 1913, had been attached "all the right, title and interest in the premises which" Helen E. Duquette "had therein," the premises being specifically described and the record title being alleged to be in David Duquette, and through a judgment in a writ of entry to establish the title so acquired.

The respondent claimed title under a foreclosure of a mortgage of the premises recorded on May 21, 1913.

The petition was heard in the Land Court by *Corbett*, J. In his decision, which was made a part of the bill of exceptions, he found, as to the attachment of the premises in the second action above referred to, as follows: "On April 25, 1913, in an action brought by George A. Sprague v. said Helen E. Duquette a special attachment of the premises was made. The premises were described by metes and bounds in the officer's return, dated April 25, 1913, which return set forth that the attachment was of all the right, title and interest in the premises which the defendant had therein. . . . The return further stated that the record title stands in the name of David Duquette." The execution in that action was dated August 9, 1913, and the officer was directed to "make return of this writ, with your doings therein, . . . within sixty days from the date hereof." The defendant was described therein as "of Ludlow, in the County of Hampden."

The return of the officer was as follows:

"Franklin, ss.   March 27, 1914.

"By virtue of this execution on the 15th day of August, 1913,

I took all the right in equity which the within named Helen E. Duquette had on the 25th day of April, 1913, the day when the same was attached mesne process of redeeming the following described real estate to wit:— . . . [here followed a description of the land by metes and bounds]

"The record title of said premises stands in the name of David Duquette.

"And on the same 15th day of August 1913, being 30 days before the time appointed for the sale hereafter mentioned, I gave notice in writing of the time and place of sale to the said Helen E. Duquette by leaving the same at her last and usual place of abode [in Rowe in the county of Franklin in the dwelling house on the premises hereinbefore described; which said dwelling house was known by me to be the last and usual place of abode of said defendant]* and caused notifications thereof to be posted up at the following public places to with [*sic*]; At the post office in Rowe aforesaid and at the 'Dell' Post Office in Heath and at the Post Office in Charlemont, two adjoining town afterwards caused an advertisement of the time and place of sale to be published three weeks successively before the said sale in the Shelburne Falls Messenger, a newspaper published in Shelburne in said county to wit: On the 20th and 27th days of August and on the 3rd day of September 1913, and on the 17th day of September at 2 o'clock P. M. at the Charlemont Hotel the time and place appointed for said sale aforesaid I sold the said right in equity by public auction to George A. Sprague for the sum of Nine Hundred dollars which was the highest bid made there for and I have make [*sic*], executed, acknowledged and delivered to the said George A. Sprague a good and sufficient deed to the said right in equity. The proceeds of said sale, namely, the sum of Nine Hundred dollars I have deducted the sum of $55.42 for my fees and charges, and have applies [*sic*] the balance $834,58 and no more, in part satisfaction of this execution.

Walter W. Clark,<br>Deputy Sheriff."

Other material facts are stated in the opinion. At the close of the evidence, the respondent made the following requests:

---

* The words in brackets were added by an amendment by the officer.

"1. That the evidence offered by the petitioner does not establish a chain of title which would entitle him to have the land registered.

"2. That the evidence shows that the only title the petitioner has to the land is a life interest, and, the fee being in the name of another person who is not a party to the petition, said petitioner is not entitled to a decree of registration.

"3. That, prior to April 25th, when the predecessor in title to the petitioner caused the right of title and interest of Helen E. Duquette to be attached, the right, title and interest having been conveyed on a sale under execution prior to said attachment, then the only claim acquired under said attachment was a bare, naked right of redemption. The mortgage was a good and valid mortgage at that time, but the conditions of the mortgage had been broken and the rights under said mortgage took precedence to the rights of any sale under said attachment. A breach of said conditions of the mortgage continued, and the mortgagee upon foreclosure took absolute title in fee to the premises.

"4. That an attachment of the right of redemption of a creditor is not an attachment of real estate, but an attachment of a chose in action, and the rights acquired under said attachment do not supersede an existing mortgage then on the premises.

"5. That when an entry is made by the mortgagee for breach of conditions of a mortgage and the certificate of peaceable entry is recorded there is an implied intention on the part of the mortgagee to keep possession of the premises thus lawfully acquired for the term of three years and that personal occupation of said mortgaged estate by the mortgagee during the three years following said entry is not necessary.

"6. That, whatever possession of the premises was held by others, the mortgagor was sustained with the mortgagee's possession during the period of foreclosure. A creditor who becomes a purchaser of the equity has no right to contest the validity of the mortgage on the grounds that the mortgage was a fraudulent transaction without consideration.

"7. That the petitioner being a successor in title to the mortgagor, can not hold adversely to the rights of the mortgagee and he acquires only the same right that the mortgagor had."

The requests were refused. A decree was entered registering

the title as the petitioner's; and the respondent alleged exceptions.

*P. H. Sheehan,* for the respondent.

*H. E. Ward,* for the petitioner.

CROSBY, J.  This is a petition filed in the Land Court to register the title to a parcel of land situated in the towns of Rowe and Heath, in the county of Franklin.  A decision in favor of the petitioner has been entered in that court.  The respondent, who contends that she is the owner of the land, excepted to the refusal of the associate judge to make seven rulings requested by her.

The following findings of fact are recited in the decision:  On May 11, 1910, Helen E. Sprague acquired title to the locus by deed which was duly recorded on May 13, 1910; afterwards she married David Duquette, and on May 22, 1912, as Helen E. Sprague Duquette conveyed the land to Thomas Boulle, (husband of the respondent,) reserving a life estate therein; on the same day, Boulle conveyed the land to David Duquette subject to the life estate of Helen E. Duquette; both of these deeds were duly recorded on May 23, 1912.

On April 24, 1913, a deputy sheriff for the county of Franklin, by virtue of an execution issued on a judgment recovered by William A. Davenport against Helen E. Duquette, conveyed all her right, title and interest in the land which she had on January 23, 1913 — the date when it was attached on mesne process — to Thomas Boulle; the deed was duly recorded on May 2, 1913.

On April 25, 1913, in an action brought by George A. Sprague against Helen E. Duquette, a special attachment was made of the land in question, the officer's return setting forth that the attachment was of all the right, title and interest which the defendant had therein and that the record title stood in the name of David Duquette; an execution issued on the judgment in favor of the plaintiff, and thereunder, all the interest of the defendant in the land was sold and conveyed to Sprague on September 17, 1913, the deed being duly recorded on October 10, 1913.

On September 18, 1915, Thomas Boulle "by order of court released to said Sprague all the right, title and interest which he acquired by virtue of the first sheriff's deed above referred to."

On September 17, 1914, Sprague brought a writ of entry against David Duquette to obtain possession of the land, and recovered

judgment thereunder on September 7, 1915; an execution was issued on the judgment and the plaintiff was put in possession of the premises and on January 12, 1916, Sprague conveyed the land to the petitioner.

The respondent claims that the land was conveyed to her by David Duquette by mortgage deed dated May 6, 1913, and recorded May 21, 1913; and that on May 6, 1915, for breach of condition thereof, she entered and took possession for the purpose of foreclosing the mortgage, and is now the owner of the land in fee simple. The associate judge of the Land Court found that, before the mortgage was given to the respondent, there were two prior mortgages on the locus, which were discharged April 18, 1913; that the discharges thereof were duly recorded May 21, 1913; and that the only outstanding mortgage on the last named date was that held by the respondent. It appears from the record that the attachments in the two actions against Helen E. Duquette above referred to were both made before May 21 (the date when the respondent's mortgage was recorded), namely, on January 23, 1913, and on April 25, 1913, respectively. The judge found that on the record it is shown that the plaintiffs in the actions above referred to recovered judgments against the defendant, that executions issued, levies were made thereunder, and the defendant's interest in the land was sold; that the attachments continued in force until the levies were made; that all the requisites of the statutes were complied with and that the record title is in the petitioner. We cannot revise the findings of fact made in the Land Court. Under the sheriff's deed first above referred to, the purchaser acquired title to the life estate held and owned by Helen E. Duquette; under the second sheriff's deed he acquired not only her right to redeem from the first sheriff's deed but also her interest in the land standing in the name of David Duquette, and seasonably brought a writ of entry for possession. R. L. c. 178, § 47. It is plain upon the findings recited in the record that, at the time of the conveyance from George A. Sprague to the petitioner, the grantor's title to the land was complete and absolute. The respondent's requests for rulings were properly refused.

The officer's return on the second execution was in correct form and in substantial compliance with the statute. R. L. c. 178, § 49. *Blake* v. *Rogers,* 210 Mass. 588.

The respondent's objection that the notice to the defendant as shown by the officer's return upon the second execution was not in compliance with R. L. c. 178, § 44, cannot be sustained. The return as amended recites that the defendant at the time of the service thereof was living to the knowledge of the officer within his precinct. This recital must be taken as true. *Blake v. Rogers,* 210 Mass. 588, 594. The service was in compliance with the statute R. L. c. 178, § 44.

As none of the rulings requested by the respondent properly could have been made, the entry must be

*Exceptions overruled.*