## JAMES S. ELLIS vs. EMILY H. LYFORD.

Middlesex.   December 6, 1929. — January 17, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Execution*, Sale: return, notice by publication. *Notice. Evidence*, Competency, Of judgment.

At the hearing of a writ of entry in the Land Court, an issue was the validity of a notice, under G. L. c. 236, § 28, of an execution sale of land in Sudbury. The sheriff's return on the execution stated that the notice had been advertised in the "Framingham Evening News." There was evidence that the correct title of that newspaper was "Framingham News"; that the word "Evening" had been omitted therefrom some years previously; that, since it was published in the evening, the word "Evening" still "clung" to it; that it was published in Framingham and circulated to some extent in Sudbury; that there was no other newspaper of a similar name; that there was no newspaper printed or published in Sudbury at the time; that there was in circulation in Sudbury at the time a newspaper printed at Hudson, which was its home office, and bearing the caption "The Sudbury News" at the top of the first page and, on an inside page, the statement, ". . . The News. .Editions in Maynard, Acton, Sudbury"; and that there also was a newspaper at the time, bearing on the first page the caption "Sudbury Enterprise," "The Weekly Enterprise," and on an inside page the statement, "The Weekly Enterprise — Office: . . . Marlboro, Mass.   Published at Marlboro, Mass. : . . Maynard, Concord, Sudbury, Acton, Bedford." Sudbury, Framingham, Marlborough and Hudson are all in the same county. *Held,* that

(1) The insertion of the word "Evening" in the description of the newspaper in the sheriff's return in the circumstances was immaterial and did not affect the validity of the notice;

(2) Under G. L. c. 4, § 6, Eighth, publication in the "Sudbury News" or in the "Sudbury Enterprise," while permitted, was not required; and, since there was no newspaper published in Sudbury, the publication of the notice in "Framingham News" was sufficient.

The writ of entry above described was by a purchaser at the execution sale against the judgment debtor. The sheriff's deed to the demandant following the execution sale was duly recorded under G. L. c. 236, § 27. The execution, which was satisfied in full, was returned to court about two months after its satisfaction. *Held,* that

(1) G. L. c. 235, § 17, as amended by St. 1925, c. 217, § 1, which requires that executions shall be returned to court within ten days after their satisfaction or discharge, is merely directory;

(2) As against this tenant, the failure of the sheriff to comply with said § 17, as amended, did not invalidate the levy and sale.

The demandant at the hearing above described introduced in evidence certified copies of the writ in the original action against the tenant, of the plaintiff's declaration therein, of the execution therein, which contained a recital that the plaintiff had recovered judgment against the tenant, and the sheriff's deed to the demandant, which contained a similar recital. *Held*, that

(1) The tenant being also the judgment debtor, such evidence was competent to show that there had been a valid judgment against the tenant;

(2) The evidence was sufficient proof of the judgment.

WRIT OF ENTRY in the Land Court, dated February 11, 1929.

The case was heard by *Corbett*, J. Material evidence and rulings by the judge are stated in the opinion. The deputy sheriff's deed mentioned in the opinion contained a recital concerning the judgment rendered in the action brought against the tenant by the Newton Journal Publishing Company. The judge ruled that the demandant was entitled to judgment. The tenant alleged exceptions.

*E. M. Bennett*, for the tenant.

*J. S. Ellis, pro se.*

CROSBY, J. This is a writ of entry to recover possession of a parcel of real estate situated in Sudbury, in the county of Middlesex, and was heard by an associate judge of the Land Court. The demandant claims title by virtue of a sale on execution issued in favor of the Newton Journal Publishing Company against the tenant. The tenant contends that the sale was invalid and requested the trial judge to grant certain rulings. They will be considered in the order in which they appear in the record.

1. The first request is "That the deputy sheriff did not comply with the provisions of law in regard to publishing in a newspaper notice of the sale under the execution upon which the demandant relies in the above entitled writ of entry." G. L. c. 236, § 28, provides, in part, that before a sale on execution shall be made the officer shall publish a notice of the time and place of sale "once in each of three successive weeks, the first publication to be not less than twenty-one days before the day of sale, in a news-

paper published in the town where the land lies." The return of the execution shows that the advertisement appeared in the "Framingham Evening News," a newspaper published in the town of Framingham in the county of Middlesex, which adjoins the town of Sudbury. There was evidence that there was no newspaper published or printed in Sudbury in 1928, or that had its home office, place of management or printing press in that town; that there was a newspaper called the "Sudbury Enterprise" which was printed in Marlborough in Middlesex County.

A witness called by the tenant testified that he was the owner, editor and publisher of seven newspapers including the "Sudbury News"; that all of those papers were printed at 11 Church Street, in Hudson, in the county of Middlesex, which was the home office; that each contained practically the same matter, sometimes arranged differently in the various papers; that they were weekly papers of which one hundred copies of the "Sudbury News" were printed, and less than that number were circulated in Sudbury. No evidence was introduced as to the circulation of the "Sudbury Enterprise." The treasurer of the "Framingham News" testified that that newspaper had a daily circulation of more than six thousand copies, some of which, he could not say how many, circulated in the town of Sudbury; that some years ago the word "Evening" was left out of the title, but that as the paper was printed and distributed in the evening, the word "Evening" still "clung" to the paper; that there was no other paper having a similar name printed in Framingham. The judge found that under the circumstances the use of the word "Evening" in the name was not important. We are of opinion that the insertion of the word "Evening" in the description of the newspaper on the return did not affect the validity of the notice or sale. See *Blake* v. *Rogers*, 210 Mass. 588, 594.

G. L. c. 4, § 6, Eighth, provides: "Wherever publication is required in a newspaper published in a city or town, it shall be sufficient, when there is no newspaper published therein, if the publication is made in a newspaper published in the

county where the city or town is situated; and for this purpose a newspaper which by its title page purports to be printed or published in such city, town or county and which has a circulation therein, shall be deemed to have been published therein." Copies of the "Sudbury Enterprise" and of the "Sudbury News" were admitted in evidence and are before us. In the former at the top of the first page are the words "Sudbury Enterprise" and just below these words are printed "The Weekly Enterprise." On page four at the top of a double column the following appears: "The Weekly Enterprise — Office: 1 Liberty Street, Marlboro, Mass. Published at Marlboro, Mass., every Wednesday by the Enterprise Press, Incorporated Entered as Second Class Matter . . . at the Post Office at Marlboro, Mass. . . . Maynard, Concord, Sudbury, Acton, Bedford." The "Sudbury News" at the top of the first page bears the name "The Sudbury News." At the top of the first column on page four appears the following: "News-Enterprise . . . Editions in Hudson, Berlin, Bolton, Stow. 11 Church Street, Hudson . . . . The News. Editions in Maynard, Acton, Sudbury 11 Church Street, Hudson . . . Entered at the Post Office at Hudson, Mass., as Second Class Matter." Although G. L. c. 4, § 6, Eighth, permitted the publication in the "Sudbury Enterprise" or in the "Sudbury News," it was not required to be published in either of those newspapers, but inasmuch as no newspaper was actually printed or published in Sudbury the publication in the "Framingham News" was sufficient. See *Rose* v. *Fall River Five Cents Savings Bank*, 165 Mass. 273; *Blake* v. *Rogers, supra*; *Brown* v. *Learmouth*, 228 Mass. 417.

2. The tenant excepted to the refusal to grant the following ruling: "That if the execution under which the execution sale upon which the demandant relies in the above entitled writ of entry was made was not returned into court within ten days after satisfaction thereof the demandant cannot prevail in said writ of entry." G. L. c. 235, § 17, as amended by St. 1925, c. 217, § 1, provides in part as follows: "All executions shall be returned to the court issuing them within ten days after their satisfaction or discharge." The execu-

tion in the present case was satisfied in full on January 18, 1929, but was not returned into court until March 26, 1929. In *Walsh* v. *Anderson*, 135 Mass. 65, which held that where an equity of redemption in land was sold under Gen. Sts. c. 103, § 40, the purchaser acquires no title by the delivery and recording of the deed of the officer who makes the sale, unless he makes a return upon the execution, it was said at page 68 that "When an execution is extended upon land, the officer's return upon the writ is indispensable in order to complete the title in the creditor. . . . Such return need not be made on the day required by the writ; but it must be made at some time." It was said by Knowlton, J., in *Firth* v. *Haskell*, 148 Mass. 501, at page 503, that "When an execution is levied by set-off upon real estate, the execution itself, with the officer's return upon it, duly recorded, is the only competent evidence of the title acquired by the creditor. . . . When a levy is completed by a sale, a deed is given by the officer, which must be recorded within three months, and the return of the execution is of less importance. . . . This return may be made a long time after the levy, and it will relate back to the time named in the writ." G. L. c. 236, § 27, provides that "Such deed shall, if the execution with the return thereon has been returned, be valid as against the debtor or any person claiming under him who has actual notice thereof and, if recorded within three months after such sale in the registry of deeds for the county or district where the land lies, shall be valid as against any other person." Although the execution was not returned into court within ten days after its satisfaction and discharge, it is plain, whatever the effect, if any, upon third persons by reason of the delay, that, having been returned, it is valid as against the tenant. See *Owen* v. *Neveau*, 128 Mass. 427. It follows that the trial judge correctly ruled that the statute was merely directory, and that the failure of the sheriff to return the execution within the ten days after it was satisfied did not make the levy and sale invalid. *Cheney* v. *Coughlin,* 201 Mass. 204, 211, 212. *Commonwealth* v. *Kossowan,* 265 Mass. 436, 437, 438.

3. The tenant's third request for a ruling was as follows:

"If there is no evidence of the judgment for satisfaction of which said execution was issued except that contained in the recital in said execution or in the deeds under said execution, the demandant cannot prevail in said writ of entry." The judge ruled that the recitals in the execution with its return, together with the certified copy of the writ and declaration in the action of Newton Journal Publishing Company against the tenant in this proceeding "is proof of a valid judgment against the tenant." It is the contention of the tenant that neither the recital as to the judgment which was contained in the execution issued in the case above referred to or in the certified copy thereof nor the recital as to said judgment in the sheriff's deed was sufficient proof of the judgment. The demandant to prove his title put in evidence certified copies of the writ in the original action, the plaintiff's declaration, and the execution with the officer's return thereon, which recites that the plaintiff in that action recovered a judgment against Emily H. Lyford (the tenant); and a sheriff's deed of said premises to the demandant duly recorded was admitted in evidence. We are of opinion that the evidence so offered was competent and was sufficient to prove the demandant's title to the real estate. In *Blake* v. *Rogers, supra,* the demandant to prove his title relied upon the certified copy of the execution under which the sale was made, and upon the sheriff's deed. It was held at page 592 that "The execution with the amended return making it conformable to the truth was admissible to prove the recitals in the sheriff's deed under which the demandant claimed title to the premises." The tenant relies upon the decision in *Frazee* v. *Nelson,* 179 Mass. 456, which held that the demandant must prove that there was a valid judgment on which the execution issued, and that the recital of the judgment in the execution was not the best or proper evidence to prove it as against a tenant who was a stranger to the proceedings. In that case the tenant was not a party to the action in which the execution issued; and it was said at page 459: "Whatever might have been the case if the judgment debtor had been the tenant, we do not think that as against the present tenant the recital in the

execution was sufficient proof of the judgment." . The judgment debtor is the tenant in this action; she stands upon a different footing from a tenant who is a stranger to the action on which the judgment was obtained. It follows that the decision in the case last cited is not contrary to the ruling made by the trial judge, but is supported by *Blake* v. *Rogers, supra.* See also *Allison* v. *Donovan,* 244 Mass. 233, 235.

The evidence excepted to was admissible to prove the recitals in the deed under which the demandant claimed title.

The exceptions to the refusal to grant the tenant's requests for the reasons stated are overruled. An examination of the exceptions to rulings made by the trial judge shows no reversible error.

*Exceptions overruled.*