HARRY A. GARDNER *vs.* LOUIS E. BARRON & others. [1]

Essex. January 30, 1956. — March 1, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Execution,* Sale. *Notice.*

Under §§ 28 and 44 of G. L. (Ter. Ed.) c. 236 a written notice to a judgment debtor of the time and place appointed for a sale of land taken on execution against him need not be delivered to him in person but is properly served if left at his last and usual place of abode. [631–632]

Delay on the part of an officer in completing by sale a levy on execution upon land of a judgment debtor is immaterial if no rights have intervened during the delay. [632]

BILL IN EQUITY, filed in the Superior Court on July 26, 1954.

The suit was heard by *Broadhurst, J.*

In this court the case was submitted on briefs.

*James A. Liacos,* for the plaintiff.

*Albert R. Pitcoff, John R. Serafini, & Martin Berkal,* for the defendants.

COUNIHAN, J. This is a suit in equity in which the plaintiff seeks to set aside a sale by a deputy sheriff of the plaintiff's land and buildings thereon in Peabody, after an execution and levy on said real estate. From a decree dismissing

----

[1] Martin Berkal, Dennis Mavrogenis, and Michael Tauraso.

the bill the plaintiff appeals. The judge made a finding of material facts and some of the evidence is reported. There was no error.

The findings of the judge disclose that on October 3, 1952, the defendant Barron recovered judgment against the plaintiff in this suit in an action of contract in a District Court and on October 4, 1952, execution issued. This execution was unsatisfied and was placed in the hands of the defendant Mavrogenis, a deputy sheriff for the county of Essex, for levy. On November 13, 1952, Mavrogenis seized and took on the execution all of the interest of the debtor (the present plaintiff) in the premises involved in this suit which had been attached in the District Court action. It is undisputed that the deputy sheriff followed the statutory requirements for the sale of the premises after execution and levy, except as to the giving of proper notice to the plaintiff debtor which is in dispute.[1] As a result of the sale[2] the deputy sheriff delivered a deed of the premises to the defendant Berkal who was the highest bidder at the sale.

The only question raised before the judge was whether the sale was in compliance with G. L. (Ter. Ed.) c. 236, § 28, which reads in part, "The officer, thirty days at least before the sale, shall deliver to the debtor, if found within his precinct, a written notice of the time and place of sale . . . ." However under the "General Provisions" of said c. 236, § 44 reads in part, "Notice to the debtor *under this chapter* may be served upon him personally or left at his last and usual place of abode" (emphasis supplied).

The apparent inconsistency of these sections may be resolved by recourse to their legislative history. By St. 1798, c. 77, § 4, the officer was required to give notice of a sale to the debtor in person or by leaving the same at his last and

---

[1] It was found that the deputy sheriff gave written notice of the sale to the plaintiff debtor on November 13, 1952, "by leaving the same . . . at . . . [his] last and usual place of abode" and "did not deliver . . . [it] in hand to" him. — REPORTER.

[2] It was found that the sale took place on January 10, 1953, "at the time and place appointed in" the notice. — REPORTER.

usual place of abode. By Gen. Sts. c. 103, § 41, the provision for giving notice by leaving it at the last and usual place of abode of the debtor was struck out and personal service on the debtor was required. *Parker* v. *Abbott*, 130 Mass. 25, decided on November 23, 1880, held this to be so. But by St. 1881, c. 207, § 1, which took effect on April 20, 1881, the provision for service at the last and usual place of abode of the debtor was restored. This provision has been carried over through several revisions of the statutes and now appears in c. 236, § 44. It is plain therefore that the contention of the plaintiff, that personal service on the debtor of notice of the time and place of the sale is required, cannot be sustained.

Although apparently not raised before the trial judge, we are of opinion that there is no merit in the contention of the plaintiff that there was unnecessary delay in the completion of the levy. It has been established that "A delay of the officer to complete the levy and sale was immaterial, if no rights had been acquired during the delay." *Croacher* v. *Oesting*, 143 Mass. 195, 196.

> *Decree affirmed with costs of the appeal to the defendants.*