CONSTANCE LaCHANCE *vs.* PEERLESS INSURANCE CO.

No. 93-P-667.

Suffolk. March 11, 1994. - May 4, 1994.

Present: BROWN, SMITH, & LAURENCE, JJ.

*Real Property*, Attachment, Levy by sale, Return of execution. *Sheriff.*

The notice and appraisal requirements of G. L. c. 236, § 3, apply to levy
   by set-off and not to levy by sale pursuant to the provisions of G. L.
   c. 236, §§ 26-30. [452-453]
Delay in the return of a writ of execution did not invalidate the levy or the
   sale of certain real estate. [454]

CIVIL ACTION commenced in the Land Court Department
on November 7, 1991.

The case was heard by *Peter W. Kilborn*, J., on motions
for summary judgment.

The case was submitted on briefs.

*James F. Bergin* for the plaintiff.

*Alan L. Packer* for the defendant.

BROWN, J. The plaintiff was the tax collector for the town
of Millville and was bonded by the defendant. In 1983, the
defendant was obliged to pay a claim on that bond and
thereupon sued the plaintiff. After the defendant obtained a
District Court judgment against the plaintiff,[1] it attached the
plaintiff's interest in real estate located in Millville, identified
as Lot 4 on a plan recorded in 1980 at the registry of deeds

---

[1]That judgment is not at issue, although the plaintiff sought review by
the Appellate Division of the District Court, which dismissed a petition to
establish a draft report. The plaintiff then appealed to this court, which
summarily affirmed the order of the Appellate Division on grounds unre-
lated to the present appeal. *Peerless Ins. Co.* v. *LaChance*, 31 Mass. App.
Ct. 1104 (1991).

for Worcester County.[2] Execution was issued on April 5, 1989, and a Worcester County deputy sheriff levied on the execution on April 21, 1989.[3] At a sheriff's sale held on October 2, 1990, the defendant was the high bidder, bidding in the entire amount of the execution. The defendant took title to the locus by sheriff's deed dated November 23, 1990, which was recorded at the registry on December 11, 1990. The plaintiff acknowledged receiving notice of the sheriff's sale and that she had a year within which to redeem the property.

On November 7, 1991, the plaintiff commenced this Land Court action seeking declaratory relief and contesting the validity of the sheriff's levy (and the defendant's title to the locus), asserting, among other things, that she did not receive proper notice under G. L. c. 236, § 3, and that the sheriff's return of execution was untimely under G. L. c. 235, § 17. A Land Court judge rendered a decision and judgment for the defendant, and the plaintiff has appealed. We affirm.

1. *Procedural requirements for levy.* The plaintiff first asserts that even though she had received actual notice of the sale and her right of redemption the sheriff's deed conveying title to the locus to the defendant is invalid because she was not given notice of her right to have the locus appraised under G. L. c. 236, § 3.[4] We agree with the conclusion of the trial judge: "[T]he notice required by § 3 is notice that the debtor may choose an appraiser, assuming that the creditor has elected to levy by set-off instead of levying by sale."

---

[2]Like the trial judge, we do not concern ourselves with so much of Lot 4 as shown on the 1980 plan as was conveyed by deed (dated August 24, 1985, and recorded on April 7, 1989) from the plaintiff to a third party, one Therese S. LeBarre. We shall refer to Lot 4, exclusive of the latter conveyance, as the locus.

[3]Although the sheriff's return of execution is dated April 21, 1989, it was not returned to the District Court until April 13, 1992.

[4]That provision provides, in full: "An officer taking land on execution shall give notice thereof to the debtor, if found within his precinct, cause the land to be appraised as provided in this chapter, *if an appraisal is required*, and complete the levy without unnecessary delay" (emphasis supplied).

A levy is the taking or seizure of property by an officer pursuant to a writ of execution. *Wright* v. *Morley*, 150 Mass. 513, 515 (1890). The procedural requirements for levy by set-off, which is no longer commonly used in modern practice, Shapiro, Perlin & Connors, Massachusetts Collection Law §§ 9.37 n.25 and 9.52 (2d ed. 1992), are set forth in G. L. c. 236, §§ 6 through 25. See Park & Park, Real Estate Law § 71 (2d ed. 1981). "[W]hen land is set off on execution and appraisers are to be chosen, the officer is required, in the words of the statute under consideration, to 'give notice thereof to the debtor, if found within his precinct,' in order that he may appoint an appraiser." *Parker* v. *Abbott*, 130 Mass. 25, 27 (1880). See *Blanchard* v. *Brooks*, 12 Pick. 46, 58-59 (1831). "In general, [levy by set-off] requires the appointment of appraisers who 'set-off' so much of the debtor's land as may equal the value of the execution (plus expenses) and the officer's conveyance of the debtor's interest therein to the creditor. [Footnote omitted.] Essentially, the 'set-off' procedure operates as an involuntary conveyance to the creditor of a portion of the debtor's real estate which has been levied against." Shapiro, Perlin & Connors, *supra* at § 9.52.

The plaintiff's arguments, anchored in §§ 6 through 25 of G. L. c. 236, are well off the mark. The levy, here, was accomplished by sale, the procedural requirements of which are set forth in §§ 26-30 of c. 236. See Park & Park, *supra*; Mendler, Massachusetts Conveyancers' Handbook § 5.12.06 (1984). The notice and appraisal requirements for the set-off procedure are not required for levy by sale. See *Bell* v. *Walsh*, 130 Mass. 163, 166 (1881). The judge correctly ruled that the officer complied with the requirements of notice in accordance with the statutory scheme, and thus that the plaintiff has not demonstrated any deficiency in the defendant's title on that basis.[5]

---

[5]Similarly, we find no merit in the plaintiff's contentions seeking to impute other of the statutory requirements for the set-off procedure (including the contents of the officer's return on execution as set forth in G. L.

2. *Delay in return of execution.* The first paragraph of G. L. c. 235, § 17, provides, in pertinent part: "All executions shall be returned to the court issuing them within ten days after their satisfaction or discharge." As the execution here was not returned within ten days, the plaintiff asserts that the levy and sale were invalid. It is settled law, however, that § 17 is "merely directory, and that . . . failure of the sheriff to return the execution within the ten days after it was satisfied does not make the levy and sale invalid." *Ellis* v. *Lyford*, 270 Mass. 96, 100 (1930). The return of the execution where there has been a levy by sale, even when made a considerable time after the levy, relates back to the time named in the writ. See *Firth* v. *Haskell*, 148 Mass. 501, 503 (1889). *Ellis* v. *Lyford, supra.* Where an execution is levied by set-off rather than by sale, the return of execution carries great import, as it is the only competent evidence of the title which the creditor has acquired by that procedure. In contrast, when levy is completed by sale, the officer gives a deed which must be recorded within three months, and thus the importance of the return of execution diminishes.[6] See *Firth* v. *Haskell, supra*; *Ellis* v. *Lyford, supra*. The delay in the return of execution did not invalidate the levy or the sale, particularly where, as here, no rights to the locus have been acquired during the delay. See *Bell* v. *Walsh, supra*; *Gardner* v. *Barron*, 333 Mass. 630, 632 (1956).

*Judgment affirmed.*

---

c. 236, § 23, discussed in part 2 of this opinion) to the prescribed procedure for levy by sale. See *Bell* v. *Walsh, supra.*

[6]See G. L. c. 236, § 27, which provides, in pertinent part: "Such deed shall, if the execution with the return thereon has been returned, be valid as against the debtor or any person claiming under him who has actual notice thereof and, if recorded within three months after such sale in the registry of deeds for the county or district where the land lies, shall be valid as against any other person."